OPINION



No. 04-02-00649-CV


F&S CONSTRUCTION, INC.,

Appellant


v.


Max and Elsa SAIDI,

Appellee


From the 45th Judicial District Court, Bexar County, Texas

Trial Court No. 1998-CI-17052

Honorable Carol R. Haberman, Judge Presiding


Opinion by: Paul W. Green, Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: December 24, 2003 


AFFIRMED

 This is a breach of construction contract case. Appellant F&S Construction, Inc.
(F&S) filed suit against appellees Max and Elsa Saidi for amounts allegedly owed to it under
a residential construction contract. The Saidis filed a counterclaim, alleging breach of
contract, as well as violation of both the Deceptive Trade Practices Act (DTPA) and the
Texas Residential Construction Liability Act (RCLA). (1) A jury found in favor of the Saidis,
and they were awarded over $170,000. F&S now appeals the trial court decision in four
issues. 

Background

 On September 20, 1997, Max and Elsa Saidi executed a contract of construction with
F&S Construction, Inc. to build their home. The Saidis were not pleased with the work done
by F&S and, after attempting to remedy several problems with the construction, sent a letter
to F&S, instructing the builders to stay away from their property. 

 On December 1, 1998, F&S filed suit to collect the monies owed to it under the
contract. (2) The Saidis filed an answer, motion for partial declaratory judgment, and
counterclaim on December 28, 1998. The counterclaim alleged breach of contract, listing
four specific allegations, and Deceptive Trade Practices (DTPA) violations, and requested
general and special damages in addition to attorneys' fees, interest, and court costs. On
November 29, 1999, the Saidis filed their First Amended Answer and Counterclaim, adding
a claim for common law fraud and additional damage allegations. On June 15, 2001, over
two and a half years after the suit was initiated, F&S filed a Request for Inspection and Entry
Upon Property to be given access to the Saidis' home. The construction company and its
expert were subsequently allowed to inspect the property.

 On May 3, 2002, approximately two weeks before trial, F&S filed a verified plea in
abatement, alleging the Saidis had not complied with the Texas Residential Construction
Liability Act (RCLA) because they had failed to provide reasonable specificity of the
construction defects alleged in their counterclaim and failed to provide a reasonable
opportunity to inspect the property. In turn, the Saidis filed a response and a controverting
affidavit to the plea. Although a hearing on the plea was scheduled for May 10, 2002, there
is neither a transcript of the hearing nor an order concerning the outcome of the hearing in
the appellate record. Both parties, however, are in agreement as to the plea's denial. (3) 

 Shortly after the hearing on the plea in abatement, F&S filed its First Amended
Original Petition, seeking consequential damages, alleging quantum meruit and substantial
performance, and generally rebutting all allegations made by the Saidis in their amended
answer and counterclaim. In response, the Saidis filed their Second Amended Answer and
Counterclaim, pleading the same four construction defects alleged in their original
counterclaim in support of their breach, DTPA, and common law fraud claims, and adding
fourteen construction defects in support of their request for damages. These were the live
pleadings at the time of trial. 


 Following the trial, the jury found in favor of the Saidis, awarding them over $170,000
in damages, attorneys' fees, and interest. In four issues F&S now appeals the trial court's
failure to grant its plea in abatement, as well as the judgment of the trial court. 

Sufficiency of the Evidence

 In its first and second issues, F&S claims the evidence is legally and factually
insufficient to support the jury's findings that 1) the Saidis gave timely notice to F&S,
describing in reasonable detail each construction defect and 2) the Saidis gave F&S
reasonable opportunity to inspect their home. 

Standard of Review


 When reviewing the legal sufficiency of evidence, the Court must consider only the
evidence which supports the district court's findings. Lewelling v. Lewelling, 796 S.W.2d
164, 166 (Tex. 1990). If there is more than a scintilla of evidence to support the finding, the
no evidence challenge must fail. Id. When reviewing the factual sufficiency of the evidence
supporting a finding, an appellate court must examine all of the evidence and may reverse
the judgment of the trial court only if the challenged finding is so against the great weight
and preponderance of the evidence as to be manifestly unjust. Pool v. Ford Motor Co., 715
S.W.2d 629, 635 (Tex. 1986).

Texas Residential Construction Liability Act

 Every issue raised by F&S deals with the applicable provisions of the Texas
Residential Construction Liability Act (RCLA). Tex. Prop. Code Ann. § 27.001 et seq.
(Vernon 2000). The RCLA applies to "any action to recover damages resulting from a
construction defect, except a claim for personal injury, survival, or wrongful death or for
damage to goods. Id. § 27.002(a); Homes v. Alwattari, 33 S.W.3d 376, 381-82 (Tex.
App.--Fort Worth 2000, pet. denied). The statute defines a construction defect as "a matter
concerning the design, construction, or repair of a new residence." Tex. Prop. Code Ann.
§ 27.001(2) (Vernon 2000). In enacting the RCLA, the legislature specifically provided that
the statute would prevail "to the extent of conflict between this chapter and any other law,
including the Deceptive Trade Practices-Consumer Protection Act." Id. § 27.002(b); Homes,
33 S.W.3d at 382. Thus, a claim, such as the one here, that exists solely by virtue of alleged
construction defects falls exclusively within the purview of the RCLA. In re Kimball Hill
Homes Tex., Inc., 969 S.W.2d 522, 526 (Tex. App.--Houston [14th Dist.] 1998, no pet.).

 Under the RCLA, a claimant seeking damages arising from a construction defect must
give the contractor written notice of the defect sixty days before filing suit. Tex. Prop. Code
Ann. § 27.004(a)(Vernon 2000); Homes, 33 S.W.3d at 382. Under subsection ©), however,
notice is not required when a complaint regarding a construction defect is asserted as a
counterclaim. Id. § 27.004©). In lieu of the statutory written notice, the counterclaim must
specify in reasonable detail each construction defect that is the subject of the complaint. Id.
Neither applicable statutory language nor case law provides a clear definition of exactly what
language constitutes reasonable detail. The purpose of the notice requirement is to encourage
pre-suit negotiations to avoid the expense of litigation. In re Kimball Hill, 969 S.W.2d at
525. 

 In addition to the notice requirement, the contractor must be given (1) reasonable
opportunity to inspect and have inspected the property that is the subject of the complaint and
(2) the opportunity to make a reasonable offer of settlement, including an agreement by the
contractor to repair or have repaired any construction defect described in the counterclaim
and a description, in reasonable detail, of the kind of repairs which will be made. Tex. Prop.
Code Ann. § 27.004©) (Vernon 2000). Both the inspection and the offer must be made
within 60 days of the service of the counterclaim. Id. Notice Analysis The record shows that the Saidis' original counterclaim contained four specific
allegations of failure "to meet the applicable standards for construction within the industry"
and failure "to obtain proper design, materials, and workmanship." Specifically, the Saidis
alleged problems with 1) the air conditioning for the residence, 2) the stucco on the
residence, 3) the bidding for woodworking, cabinetry, and flooring, and 4) the failure to
manage and direct the construction of the residence to conform with construction plans
agreed to by both parties. 

 Following F&S's plea in abatement, the Saidis filed controverting affidavits and a
second amended counterclaim which set out, in further detail, the construction defects
complained of. Specifically, the Saidis included the four original construction defects and
added fourteen detailed complaints under their request for damages. Among other
complaints, these alleged defects included failure to build a level slab which required the
additional work in order to lay tile and carpet, failure to install the proper plumbing and
electrical fixtures which required replacement, failure to secure the house while working on
the residence, and failure to timely install and pay for the roof.

 F&S correctly contends this is a case of first impression because no other Texas case
has directly dealt with the RCLA notice requirement in the context of a counterclaim. The
notice issue was submitted to the jury, which found in favor of the Saidis. Examining the
record with regard to the Saidis' counterclaim, the four construction defects alleged in the
original counterclaim address the problems which are the underlying basis for the Saidis' suit
with enough specificity to place F&S on notice of their alleged breaches. Because there is
more than a scintilla of evidence to support the jury's findings and because those findings
were not so against the great weight and preponderance of the evidence as to be manifestly
unjust, we find the jury's decisions regarding the RCLA notice to be both legally and
factually sufficient. F&S's first issue is overruled. 

Reasonable Opportunity Analysis

 As to the reasonable opportunity to inspect the property, as stated above, F&S filed
its request for inspection and entry upon property on June 15, 2001. Although the Saidis had
not allowed F&S to come onto the property from August of 1998, their testimony at trial
indicates that, following the filing of the request to inspect, they permitted the construction
company to come onto their land and inspect the residence with its own expert. Although
the inspection did not take place until over two years after the counterclaim had been filed,
there is no evidence that F&S was prohibited from inspecting the property after it filed its
request. 

 Because there is more than a scintilla of evidence to support the jury's finding that the
Saidis met the reasonable opportunity to inspect requirement of the RCLA and because this
finding is not so against the great weight and preponderance of the evidence as to be
manifestly unjust, we overrule F&S's second issue.

Plea in Abatement In issue three, F&S contends the Saidis failed to comply with the necessary provisions
of the Residential Construction Liability Act Therefore, argues F&S, the counterclaim
should have been abated. We review a trial court's action on a plea in abatement for abuse
of discretion. Dolenz v. Cont'l Nat'l Bank of Fort Worth, 620 S.W.2d 572, 575 (Tex. 1981).

 On May 3, 2002, F&S filed special exceptions to the Saidis' amended answer and
counterclaim and a verified plea in abatement alleging a lack of reasonable specificity in the
counterclaim. Specifically, the plea in abatement alleged that the Saidis did not a) specify
each construction defect in reasonable detail in their counter claim or b) give F&S reasonable
opportunity to inspect the property. The Saidis filed a timely affidavit and response
controverting the plea. Their original counterclaim alleged four construction defects. The
record is devoid of any evidentiary record of a hearing on the plea in abatement or of an order
disposing of the plea.

 Under Section 27.004(d) of the Property Code, a suit is automatically abated without
the order of the court on the 11th day after the date a plea in abatement is filed if: (1) the plea
is verified and alleges that the person against whom the suit is pending did not receive the
written notice or was not given a reasonable opportunity to inspect the property and (2) the
plea is not controverted by an affidavit filed by the claimant before the 11th day after the date
on which the plea is filed. Tex. Prop. Code Ann. § 27.004(d)(Vernon 2000). 

 As stated above, we find the evidence to show that F&S was given both proper notice
and the opportunity to inspect the property in question as required under the statute. In
addition, the record shows that the Saidis timely filed a response to the plea along with
controverting affidavits, thus circumventing an automatic abatement. Moreover, based on
the evidence in the record regarding the RCLA prerequisites, it does not appear as though the
trial court abused its discretion in denying F&S's plea in abatement. Accordingly, we
overrule F&S's third issue.

Reasonable Opportunity to Repair

 In its fourth and final issue, F&S argues the Saidis failed to provide the construction
company with a reasonable opportunity to repair the defects in the residence, thereby
preventing F&S from mitigating its damages as prescribed by the RCLA. As stated above,
under subsections 27.004(b) and (c), a contractor may, within the 60 days following service
of the suit, make a written offer of settlement to the claimant. Tex. Prop. Code Ann.
§ 27.004(b), (c)(Vernon 2000). The offer may include an agreement by the contractor to
repair or to have repaired any construction defect described in the notice and describing in
reasonable detail the kind of repairs which will be made. Id. 

 The record indicates that F&S never made such a settlement offer to the Saidis other
than to say that it wanted to complete its work on the house. Under subsection 27.004(g),
the effect of a contractor's failure to make a reasonable settlement offer is that the contractor
loses the benefit of all limitations on damages and defenses to liability provided for in section
27.004, including both the limitation of subsection 27.004(h) on the types of damages
recoverable by a homeowner and the limitation of subsection 27.004(I) on the amount of
damages recoverable by a homeowner. Homes, 33 S.W.3d at 384. Likewise, F&S's failure
to make a reasonable settlement offer resulted in the loss of all limitations on damages and
all defenses to liability provided for by the statute. We overrule F&S's fourth issue.

 The judgment of the trial court is affirmed.


 Paul W. Green, Justice





1. Although the Saidis did not specifically plead the RCLA in their counterclaim, failure to plead the RCLA does
not preclude its application where the underlying nature of the claim is clearly within the purview of the statute. See In
re Kimball Hill Homes Texas, Inc., 969 S.W.2d 522, 526 (Tex. App.--Houston [14th Dist.] 1998, no pet.).
2. F&S's suit also requested prejudgment and postjudgment interest, attorneys' fees, a judgment regarding the
existence of its mechanic's and materialman's lien on the property, an order foreclosing on the lien, an order of sale and
writ of possession, and any additional costs of court. 
3. In addition, F&S reargued the plea in abatement in the middle of the trial on the merits, addressing only the
notice issue. The court, while acknowledging the importance of the issue of notice, ruled that the trial would proceed
at that time, overruling the plea in abatement.