**In re ANDERSON CONSTRUCTION COMPANY and Ronnie Anderson.**

**No. 09–11–00072–CV.**

Court of Appeals of Texas, Beaumont.

Submitted March 7, 2011.

Decided April 7, 2011.

David M. Jones, Donald W. Shelton, The Bush Firm, P.C., Arlington, for relator.

Casey H. Hargroder, Keith Kebodeaux, Kebodeaux & Hargroder, L.L.P., Beaumont, for real party in interest.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

PER CURIAM.

Anderson Construction Company and Ronnie Anderson (collectively "Anderson") have petitioned for mandamus relief from the trial court in a construction defect lawsuit filed by Brent L. Mainwaring and Tatayana Mainwaring. *See* Tex. Prop. Code Ann. §§ 27.001–.007 (West 2000 & Supp.2010). Relators contend the trial court abused its discretion by compelling discovery while the case was abated by operation of law. We conditionally grant relief.

### Overview

The Residential Construction Liability Act ("RCLA") requires claimants to provide a written notice "specifying in reasonable detail the construction defects that are the subject of the complaint." Tex. Prop.Code Ann. § 27.004(a). "During the 35–day period after the date the contractor receives the notice, and on the contractor's written request, the contractor shall be given a reasonable opportunity to inspect and have inspected the property that is the subject of the complaint to determine the nature and cause of the defect and the nature and extent of repairs necessary to remedy the defect." *Id.*

The notice of defect activates the timetable for the contractor's rights, and the contractor's offer of settlement, if reasonable, affects the owner's potential recovery under the RCLA. Not later than the forty-fifth day after the date the contractor receives the notice, the contractor may make a written offer of settlement to the claimant. Tex. Prop.Code Ann. § 27.004(b). "The offer may include either an agreement by the contractor to repair or to have repaired by an independent contractor partially or totally at the contractor's expense or at a reduced rate to the claimant any construction defect described in the notice and shall describe in reasonable detail the kind of repairs which will be made." *Id.* If the claimant considers the offer to be unreasonable, the claimant has twenty-five days to "advise the contractor in writing and in reasonable detail of the reasons why the claimant considers the offer unreasonable[.]" Tex. Prop.Code Ann. § 27.004(b)(1). If an offer is rejected, the contractor has another ten days to make a supplemental offer. Tex. Prop. Code Ann. § 27.004(b)(2). "An offer of settlement made under this section that is not accepted before the 25th day after the date the offer is received by the claimant is considered rejected." Tex. Prop.Code Ann. § 27.004(i). The parties may agree to extend any of the time periods in Section 27.004. Tex. Prop.Code Ann. § 27.004(h).

The RCLA provides an alternative timetable for actions filed near the end of the limitations period. Tex. Prop.Code Ann. § 27.004(c). If limitations prevents the claimant from providing pre-suit notice, the claimant's petition must "specify in reasonable detail each construction defect that is the subject of the complaint." *Id.* In such a case, the inspection may be

made not later than the seventy-fifth day after service of the suit, and the offer may be made not later than the sixtieth day after the date of service. *Id.* Tex. Prop. Code Ann. § 27.004(c).[1]

A trial court is required to abate an action when a claimant fails to provide the required notice of defect or fails to follow the procedures in Section 27.004(b), which include giving the contractor a reasonable opportunity to inspect the property and providing the contractor with a written explanation for the rejection of the contractor's settlement offer. Tex. Prop.Code Ann. § 27.004(d). An action is automatically abated without a court order beginning the eleventh day after the date the motion to abate is filed if the motion "is verified and alleges that the person against whom the action is pending did not receive the written notice required by Subsection (a), the person against whom the action is pending was not given a reasonable opportunity to inspect the property as required by Subsection (a), or the claimant failed to follow the procedures specified by Subsection (b)" and the motion "is not controverted by an affidavit filed by the claimant before the 11th day after the date on which the motion to abate is filed." *Id.*

The RCLA establishes consequences for a claimant's failure to allow the inspection. If the claimant does not permit the contractor a reasonable opportunity to inspect, then the claimant may not recover an amount in excess of the fair market value of the contractor's last offer of settlement or the amount of a reasonable monetary settlement offer, and may recover only the amount of reasonable and necessary costs and attorney's fees incurred before the offer was rejected or considered rejected. Tex. Prop.Code Ann. § 27.004(e). Additionally, "[i]f a contractor fails to make a reasonable offer under Subsection (b), the limitations on damages provided for in Subsection (e) shall not apply." Tex. Prop.Code Ann. § 27.004(f).

## The Lawsuit

The Mainwarings' original petition identified certain defects in their Anderson-constructed home. Those defects concerned the roof trusses and framing, air conditioning, mortar and masonry, exterior doors and windows, and weep holes. With respect to the five areas of defects identified in their original petition, the Mainwarings gave Anderson the statutorily required notice on January 13, 2010. After implementing agreed extensions, Anderson made an offer of settlement for the defects the Mainwarings identified in their notice. Almost eight months later, the Mainwarings filed an amended petition adding defects they had not included in their original petition and notice. The additional defects the Mainwarings included in their amended petition had not been addressed by Anderson's offer of settlement.[2] The additional defects included in the Mainwarings' amended petition, but not included in their notice of defects are: (1) "[t]he attic was improperly insulated, which is causing extensive mold to appear on the ceilings;" (2) "[f]lashing was either not installed or was installed improperly [ ] around the exterior windows and doors, which is allowing water to penetrate the exterior walls and is

1. In this case, the time for completing the initial inspection and offer of settlement was extended by agreement. *See* Tex. Prop.Code Ann. § 27.004(h) ("A homeowner and a contractor may agree in writing to extend any time period described in this chapter."). This dispute concerns notice and inspection of the defects that the Mainwarings alleged for the first time in their first amended petition.

2. The Mainwarings also added the architect and the architecture company as defendants. Those defendants have not participated in the mandamus proceeding in this Court.

causing damage to exterior windows, doorframes and structural wood components;" (3) "[e]xpansion joints were [ ] not installed in the exterior brick walls, which has caused several cracks in the exterior brick walls;" (4) "[n]o vapor barrier was installed between the natural grade and the bottom of the finished floor, which is allowing moisture to infiltrate the interior of the Mainwaring home;" (5) "[n]o ventilation system was installed in the foundation to allow moisture to dry out the crawl space located between the natural grade and the bottom of the finished floor. Because there is no ventilation system installed, significant moisture is accumulating under the Mainwaring home and such moisture is infiltrating the interior of the Mainwaring home;" (6) "[n]o sealant has been installed at the junctures between the exterior brick and stucco walls, and either insufficient and/or incorrect sealant has been installed at the junctures of the stucco and brick walls surrounding the exterior windows and doors;" and (7) "[t]he grade elevation upon which the foundation of the home was constructed was not properly established, and as a result, the grade elevation surrounding the home has a significant drainage problem that has required the installation of a drainage system. Also, the grade elevation surrounding the house will need to be remediated in order that water is directed to drain away from the home."

Anderson filed a verified plea in abatement on December 2, 2010. In the trial court, Anderson claimed that the Mainwarings failed to respond in writing to Anderson's settlement offer, as required by Section 27.004(b) of the RCLA. *See* Tex. Prop.Code Ann. § 27.004(b)(1).

The Mainwarings moved to compel discovery responses from Anderson. The Mainwarings alleged that they rejected Anderson's settlement offer, and that if their response was insufficient, they contend that Anderson's offer was rejected by operation of law on the twenty-fifth day after the Mainwarings received it. *See* Tex. Prop.Code Ann. § 27.004(i). The Mainwarings' motion to compel was not supported by affidavit. *See* Tex. Prop. Code Ann. § 27.004(d)(2). On January 13, 2011, Anderson filed a verified supplemental plea in abatement. Anderson alleged that the Mainwarings failed to provide written notice concerning the newly alleged defects and complained the Mainwarings were attempting to circumvent the inspection and resolution procedure of the RCLA. Over Anderson's objection that the lawsuit had been abated, the trial court granted the Mainwarings' motion to compel discovery.

### Mandamus

■ Anderson contends the trial court abused its discretion by compelling discovery while the case was abated. Anderson filed a verified motion to abate. *See* Tex. Prop.Code Ann. § 27.004(d). Anderson's verified motion alleges that the claimants failed to follow the procedures specified by Section 27.004(b). *Id.* The Mainwarings did not controvert Anderson's motion to abate by filing an affidavit to establish they had complied with the RCLA's notice and inspection requirements. *Id.* (requiring controverting affidavit to be filed in response to plea in abatement on the eleventh day after the motion to abate is filed). Thus, the suit was automatically abated without a court order. *Id.*

The Mainwarings argue that the automatic abatement must be predicated "on a determination" that they failed to comply with the statute. They argue that the trial court determined that Anderson's settlement offer was automatically rejected under Section 27.004(i), so they did not fail to comply with Section 27.004(b).

We disagree with the Mainwarings' construction of Section 27.004. Under the plain language of the statute, abatement automatically occurs if the claimant fails to file a controverting affidavit. Under the abatement provision of the statute, no determination was required because the Mainwarings failed to place Anderson's plea in controversy. *See* Tex. Gov't Code Ann. § 311.011(a) (West 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). "[W]e do not expand the meaning of statutes by implication[.]" *Nat'l Plan Adm'rs, Inc. v. Nat'l Health Ins. Co.*, 235 S.W.3d 695, 701 (Tex. 2007).

■ The Mainwarings also argue that the filing of their first amended petition does not restart the RCLA process. They note that Section 27.004 neither states nor implies that the claimant must provide the contractor with written notice of new claims before filing an amended petition in a case. *See* Tex. Prop.Code Ann. § 27.004. Nevertheless, the notice provisions in the RCLA statute are not expressly required to be contained in a single exchange of information. Instead, either before suit or with the filing of the first petition or counterclaim, the RCLA requires the claimant to "[specify] in reasonable detail the construction defects that are the subject of the complaint." Tex. Prop.Code Ann. § 27.004(a). If the pre-suit notice is excused pursuant to Section 27.004(c), "the action or counterclaim shall specify in reasonable detail each construction defect that is the subject of the complaint." Tex. Prop.Code Ann. § 27.004(c). The notice provisions apply to any claims filed under the RCLA. *Id.* Any RCLA time period

may be extended by agreement. Tex. Prop.Code Ann. § 27.004(h).

■ In other words, under the statute's provisions, a claimant may specify in reasonable detail the construction defects that are the subject of the complaint either in pre-suit notices under Section 27.004(a), or an action or counterclaim filed pursuant to Section 27.004(c). If notice is provided pursuant to Section 27.004(c), the inspection "may be made not later than the 75th day after the date of service of the suit, request for arbitration, or counterclaim on the contractor, and the offer provided for by Subsection (b) may .be made ... not later than the 60th day after the date of service[;]" moreover, the RCLA expressly allows any time period to be extended by agreement of the parties.[3] Tex. Prop. Code Ann. § 27.004(c),(h). Although the phrase "service of the suit" in Subsection (c) appears to refer to the original petition, the language in the statute also refers to pleadings that are filed after suit commences. *Id.*

We note that the RCLA prevails to the extent of any conflict with any other law. *See* Tex. Prop.Code Ann. § 27.002(b). Further, the RCLA is unclear with respect to handling defects discovered after the suit has been filed. Significantly, the RCLA is silent regarding whether a party may amend pleadings to add new claims. Nevertheless, the RCLA's silence regarding whether new claims can be added to an existing suit does not, in our opinion, evidence a legislative intent to prohibit a party from amending pleadings to add new claims.

---

**3.** Subsection (c) of Section 27.004 applies when limitations affects the claimant's ability to comply with Subsection (a). Otherwise, the claimant should provide the notice contemplated by Subsection (a) of Section 27.004 after an abatement under Subsection (d), making the Subsection (a) deadlines applicable to the case in the absence of an agreement under Subsection (h). *See* Tex. Prop.Code Ann. § 27.004.

The claimants may provide notice of additional defects prior to filing amended pleadings under Section 27.004(a), or by complying with the requirements, when applicable, of Section 27.004(c), or the parties may agree to other notice and inspection procedures pursuant to Section 27.004(h). *See* Tex. Prop.Code Ann. § 27.004. Because the statute is silent with respect to the amendment of pleadings to add new claims, there is no conflict between Section 27.004 and the civil procedure rule that permits parties to amend their allegations after suit commences. *See* Tex.R. Civ. P. 64. Although the RCLA does not expressly state that notice and opportunity to inspect must be provided for new defects alleged in an amended pleading, it does attach consequences for the failure to provide a reasonable opportunity to inspect. *See* Tex. Prop.Code Ann. § 27.004(e). Additionally, the RCLA requires notice of any claim filed under the RCLA. *See id.,* § 27.004(c).

The San Antonio Court of Appeals considered similar arguments in an appeal following a trial on the merits. *See F & S Const., Inc. v. Saidi,* 131 S.W.3d 94, 98 (Tex.App.-San Antonio 2003, pet. denied). In *Saidi,* the Saidis raised additional defects by filing an amended counterclaim. *Id.* In contrast to the facts that are before us, the Saidis filed an affidavit that controverted the contractor's plea in abatement and the case proceeded to trial. *Id.* at 98–99. The jury found that the Saidis gave timely notice of each defect. *Id.* at 98. The court of appeals held that the four construction defects originally alleged provided enough specificity to place the contractor on notice of the alleged breaches. *Id.* The contractor argued that it had been denied a reasonable opportunity to inspect the property, but the Saidis allowed the contractor to inspect the property after the Saidis filed the amended counterclaim. *Id.* at 98. Based on the evidence in the record regarding the RCLA prerequisites, the appellate court held the trial court did not abuse its discretion in denying the plea in abatement. *Id.* at 99.

In summary, although the RCLA's statutory timeline was not followed, the court of appeals construed Section 27.004 in a manner that allowed recovery because the procedures established by the statute were implemented. *Id.; see also* Tex. Prop. Code Ann. § 27.004. In our opinion, abatement will allow the Mainwarings to accomplish the statute's procedures by giving them the ability to provide the required statutory notice of the newly added defects, while also giving Anderson the opportunity to inspect the property within the statutorily prescribed period.

■ The Mainwarings argue that Anderson's request to abate is moot because correspondence mailed to Anderson's counsel on February 16, 2011, explains in detail why they rejected Anderson's settlement offer. However, the Mainwarings rely on correspondence dated after the trial court signed the order compelling discovery, and the correspondence neither establishes that the trial court properly reinstated the case nor establishes the requisite "reasonable opportunity to inspect[.]" *See* Tex. Prop.Code Ann. 27.004. Moreover, on the date of Anderson's inspection, the Mainwarings had not yet provided notice, either through a Section 27.004(a) notice or a Section 27.004(c) pleading, of the new defects identified in the Mainwarings' amended pleading. The RCLA requires a homeowner to describe in reasonable detail each construction defect that is the subject of the complaint before the inspection occurs. *See* Tex. Prop.Code Ann. § 27.004(a), (c). Allowing the contractor to inspect for the defects the Mainwarings identified in their initial notice, but then not allowing the

contractor to inspect the additional defects alleged in the amended pleading, cannot satisfy the requirement of providing a contractor with a "reasonable opportunity to inspect[.]" *See* Tex. Prop.Code Ann. § 27.004(a), (d), (e). In contrast, allowing an inspection of defects identified in an amended pleading, after providing reasonable notice of the new defects, satisfies the RCLA. *See Saidi*, 131 S.W.3d at 99.

By statute, the trial court is required to abate an action if the homeowner fails to give the contractor a reasonable opportunity to inspect the property, or if the homeowner fails to follow the procedures specified in Subsection (b) of Section 27.004. *See* Tex. Prop.Code Ann. § 27.004(d). The parties do not dispute that Anderson inspected the property before the Mainwarings alleged the existence of additional defects in their amended pleading, nor do the Mainwarings claim that Anderson has been given an opportunity to inspect the additional defects the Mainwarings identified in their amended pleadings. We conclude the trial court did not have the discretion to deny or lift the abatement until the Mainwarings established their compliance with the statute. In other words, the Mainwarings are required to provide Anderson a reasonable opportunity to inspect the additional defects identified by their amended pleading, which will allow Anderson the opportunity to cure or settle with respect to the newly identified defects. If a settlement offer with respect to the additional defects is made, the Mainwarings will also be required to advise the contractor in writing and in reasonable detail why they consider that settlement offer to be unreasonable. *See* Tex. Prop. Code Ann. § 27.004(a), (b).

### Adequate Remedy At Law

██ The Mainwarings contend that mandamus relief is not available because the trial court's ruling does not prevent Anderson from making settlement offers during the discovery process. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004). The failure to abate a case is typically not subject to mandamus. *See In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex.2002) (citing *Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985)). In this case, however, the case was abated by operation of law. By ignoring the statutory abatement, the trial court interfered with the statutory procedure for developing and resolving construction defect claims. *See In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522, 525 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding) (An appeal provides an inadequate remedy for the trial court's failure to observe automatic abatement pursuant to the RCLA.). The benefits of mandamus review are not outweighed by the detriments of mandamus review in this case.

### Conclusion

The trial court had no discretion to compel discovery while the case was abated, and Anderson, who has been compelled to respond to discovery during a period the case was under an automatic abatement, has no adequate remedy on appeal. Accordingly, we conditionally grant the petition for writ of mandamus. The writ will issue only if the trial court fails to vacate its order of February 3, 2011, and fails to refrain from proceeding with the case until a motion to reinstate is filed that establishes compliance with the notice and inspection requirements of the Residential Construction Liability Act.

PETITION CONDITIONALLY GRANTED.