In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00324-CV
_____

AL JONES AND AL JONES ARCHITECT, AIA, LLC, Appellants

V.

BRENT L. MAINWARING AND TATAYANA MAINWARING, Appellees

On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-185,627

**MEMORANDUM OPINION**

In this interlocutory appeal, we are asked to determine whether the trial court erred in refusing Al Jones's and Al Jones Architect, AIA, LLC's[1] motion to compel arbitration. Brent and Tatayana Mainwaring hired architects to design and supervise the construction of their new home. The architectural agreement between the architects and the Mainwarings provides that "[a]ny claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to arbitration."

---

[1]For convenience, we refer to the appellants together as the architects.

1

After they became aware of various problems with their home during its construction, the Mainwarings sued the architects and several other defendants, seeking to recover actual damages, punitive damages, attorney's fees, interest, and costs. In response to the lawsuit, the architects filed a motion asking the trial court to enforce the arbitration provision in the parties' architectural agreement. The Mainwarings resisted arbitration, arguing that the arbitration agreement was not enforceable because Al Jones, when the parties entered the architectural agreement, was not a licensed architect in the State of Texas. The Mainwarings also argued that the choice-of-law provision in the architectural agreement, which provided that Louisiana law governed the agreement, was unconscionable.

We conclude that the defenses the Mainwarings have raised concern the validity of the architectural agreement as a whole. Consequently, the defenses that the Mainwarings have asserted are matters for the arbitrator, as the defenses do not prevent the contract's arbitration clause from being enforced. The Mainwarings have also argued, in the alternative, that if the arbitration clause is enforceable that the architects waived their right to arbitrate. We disagree, because we hold the architects' litigation conduct has not resulted in a waiver of their right to enforce the arbitration provision at issue. Because the Mainwarings failed to establish in the trial court that the dispute was not arbitrable, we conclude the trial court abused its discretion in denying the architects' motion to compel arbitration. We reverse the trial court's order denying the motion to compel

2

arbitration, and we remand the case to the trial court, requiring it to order the dispute with the architects to arbitration.

Standard of Review

We review the denial of a motion to compel arbitration under an abuse of discretion standard. *See Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 38 (Tex. App.—Houston [1st Dist.] 2009, pet. denied.). "A party attempting to compel arbitration must first establish that the dispute in question falls within the scope of a valid arbitration agreement." *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 227 (Tex. 2003) (citing *In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 (Tex.1999)). "If the other party resists arbitration, the trial court must determine whether a valid agreement to arbitrate exists." *Id.*; Tex. Civ. Prac. & Rem. Code Ann. § 171.021 (West 2011). "Whether a given arbitration clause imposes a duty to arbitrate is a matter of contract interpretation and a question of law for the court." *Tex. Petrochemicals LP v. ISP Water Mgmt. Servs, LLC*, 301 S.W.3d 879, 884 (Tex. App.—Beaumont 2009, no pet.). As that is a question of contract interpretation, it is a question that is reviewed de novo. *Id.* (citing *McReynolds v. Elston*, 222 S.W.3d 731, 740 (Tex. App. —Houston [14th Dist.] 2007, no pet.). If the trial court finds that a valid arbitration agreement exists, the burden then shifts to the party opposing arbitration to raise an affirmative defense to enforcing arbitration. *J.M. Davidson, Inc.,* 128 S.W.3d at 227.

In its order denying the architects' motion to compel, the trial court did not state why it refused to compel the Mainwarings and the architects to arbitrate their dispute. Additionally, no party requested findings of fact, and the trial court did not issue findings of fact or conclusions of law. Because this appeal proceeds without the benefit of the trial court's express findings, the trial court is presumed to have made all findings that are necessary to support its judgment. *See* Tex. R. Civ. P. 299.

### Existence of a valid arbitration agreement

In issue one, the architects contend that the architectural agreement contains a valid arbitration agreement and that the Mainwarings' claims are arbitrable under the parties' agreement. The Mainwarings' suit is based, in large part, on the architects' alleged acts and omissions under the architectural agreement. The arbitration clause in the architectural agreement is broad, providing that the parties were required to arbitrate "[a]ny claim, dispute or other matter in question arising out of or related to this Agreement[.]" The record demonstrates that the architects established that an arbitration agreement exists and that, if valid, the Mainwarings' claims fall within the scope of the matters to be arbitrated. *See J.M. Davidson, Inc.,* 128 S.W.3d at 227.

In the trial court, the Mainwarings raised four defenses to the architects' motion to compel, arguing:

- The architectural agreement could not be enforced because Al Jones did not have a Texas architect's license when the contract was performed;

4

- The architects expressly waived any right to arbitration by agreeing to litigate the case in the 172nd District Court;

- The architects waived their right to arbitrate by substantially invoking the litigation process, to the Mainwarings prejudice; and

- The arbitration provision could not be enforced because it is unconscionable.

First, we address whether Al Jones's failure to register with the Texas Board of Architectural Examiners is a defense to the arbitration provision in the architectural agreement. To practice architecture in Texas, architects are generally required to be registered with the Texas Board of Architectural Examiners. *See* Tex. Occ. Code Ann. § 1051.701 (West 2012) (prohibiting practice of architecture without registering with the Texas Board of Architectural Examiners). According to the Mainwarings, because Al Jones was not registered with the Texas Board of Architectural Examiners, their architectural agreement with Jones is void and unenforceable.

In response, the architects contend that the arbitration provision in the agreement remains enforceable, even if it is later determined by the arbitrator that the agreement is unenforceable.[2] In summary, the architects contend that the arbitration provision is severable from the remaining agreement, making it enforceable even if the remainder of the agreement proves later to be unenforceable.

The United States Supreme Court has held that for purposes of determining the validity of an arbitration provision within an otherwise unenforceable agreement, the

___

[2]We express no opinion on the validity of the agreement as a whole.

contract's arbitration provision is severable from the remainder of the contract. *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 444-45, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006); *see also Esecuritel Holdings, LLC v. Youghiogheny Commc'ns-Tex.*, LLC, 2012 Tex. App. LEXIS 10017, at \*19 (Tex. App.—San Antonio Dec. 5, 2012, no pet. h.) (mem. op.) (claim that agreement was unenforceable because a party was not licensed in Texas did not defeat arbitration). In *Buckeye,* the Supreme Court held that "regardless of whether the challenge is brought in federal or state court, a challenge to the validity of a contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Id.* at 449. The Supreme Court explained that when a party "challenge[s] the Agreement, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract. The challenge should therefore be considered by an arbitrator, not a court."[3] *Id.* at 446.

We hold that the arbitration clause in the architectural agreement is severable from the remainder of the agreement. In the trial court, and on appeal, the Mainwarings have also argued that enforcing the arbitration agreement would be unconscionable. According to the Mainwarings, the agreement is unconscionable because it contains a Louisiana

---

[3]The Texas Supreme Court followed *Buckeye*'s reasoning when presented with similar issues in the following cases: *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 898 (Tex. 2010); *In re Morgan Stanley & Co.*, 293 S.W.3d 182, 186 (Tex. 2009); *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 647-48 (Tex. 2009); *Perry Homes v. Cull*, 258 S.W.3d 580, 589 (Tex. 2008); *In re Kaplan Higher Educ. Corp.*, 235 S.W.3d 206, 210 (Tex. 2007); and *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 190 (Tex. 2007).

choice-of-law provision, allowing Jones, a Louisiana resident, advantages that he would not otherwise have under Texas law. Also, the Mainwarings argue that the agreement is unconscionable because it "attempts to take away [the Mainwarings'] substantive rights and remedies provided under Texas law."

In Texas, choice-of-law provisions in contracts as well as arbitration agreements are generally enforceable. *See In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 678 (Tex. 2006) ("There is nothing inherently unconscionable about arbitration agreements[.]"); *Autonation Direct.Com, Inc. v. Thomas A. Moorhead, Inc.*, 278 S.W.3d 470, 472 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (stating that where the parties contractually agreed to apply the law of Virginia to their contract, "Texas courts will respect that choice and apply the law the parties chose"). The choice-of-law provision at issue is not located in the agreement's arbitration provision; rather, it is located in the miscellaneous provisions that pertain to the parties' architectural agreement as a whole. Also, the choice-of-law provision does not specifically relate to the arbitration clause.

The Texas Supreme Court, explaining how unconscionability can impact an agreement to arbitrate, has stated: "[I]n considering an arbitration clause, unconscionability 'must specifically relate to the [arbitration clause] itself, not the contract as a whole, if [unconscionability is] to defeat arbitration.'" *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 n.1 (Tex. 2010) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001)). We conclude that the Mainwarings'

7

unconscionability argument relates to the contract as a whole, and not specifically to the arbitration clause. We express no opinion on whether the contract as a whole is unconscionable, as the parties' agreement is sufficiently broad to indicate they intended to arbitrate the issue of unconscionability. *See id.*

In conclusion, we are not persuaded that the arbitration provision in the architectural agreement is unenforceable. We hold that the architects met their burden to demonstrate in the trial court that the parties' agreement contained a valid arbitration provision. *See J.M. Davidson, Inc.,* 128 S.W.3d at 227.

Waiver of right to arbitrate

In issue two, the architects address the issue of waiver, which the Mainwarings raised as an affirmative defense to the enforcement of the arbitration provision. According to the Mainwarings, the architects waived their right to arbitrate by agreeing to litigate the case in the trial court, by agreeing to reinstate the case following an abatement required by the Texas Residential Construction Liability Act,[4] by agreeing to a

---

[4]*See* Tex. Prop. Code Ann. § 27.004 (West Supp. 2012) (Texas Residential Construction Liability Act). In 2011, another defendant in this case petitioned for mandamus relief from the trial court, arguing that the trial court abused its discretion by compelling discovery while the case was abated by operation of law. *See In re Anderson Const. Co.*, 338 S.W.3d 190, 192 (Tex. App.—Beaumont 2011, orig. proceeding). We conditionally granted relief, abating the case to allow the Mainwarings to comply with the notice and inspection requirements of the Texas Residential Construction Liability Act. *Id.* at 197. We ordered the trial court to refrain from proceeding with the case until the Mainwarings complied with the Residential Construction Liability Act's notice and inspection requirements. *Id.*

continuance of an April 2012 trial setting, and by engaging in discovery, all of which the Mainwarings contend substantially invoked the litigation process.

The standards required to establish a claim of waiver with respect to an arbitration provision are clearly established. "[A] party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice." *Perry Homes*, 258 S.W.3d at 589-90. Whether a party has participated in the litigation process to the extent that it will be held to have waived the right to arbitrate is a question of law for the court. *See id.* at 587. "There is a strong presumption against waiver of arbitration, but it is not irrebuttable[.]" *Id.* at 584. In considering whether a party has waived its rights to arbitrate, the Texas Supreme Court has considered the following factors:

- when the movant knew of the arbitration clause;

- how much discovery has been conducted;

- who initiated the discovery;

- whether the discovery related to the merits rather than arbitrability or standing;

- how much of the discovery would be useful in arbitration; and

- whether the movant sought judgment on the merits.

*Id.* at 591-92 (footnotes omitted). Additionally, a party's "[w]aiver of arbitration rights may be express or implied." *Okorafor*, 295 S.W.3d at 39. "Express waiver arises when a party affirmatively indicates that it wishes to resolve the case in the judicial forum, rather

9

than arbitration." *Id.* Implied waiver arises when a party acts inconsistently with the right to arbitrate and prejudices the opposing party. *Id.*

According to the Mainwarings, the architects expressly waived their arbitration rights by agreeing to reinstate the case and by agreeing to continue the case. In their brief, the Mainwarings contend that the situation here is similar to the facts at issue in *In re Citigroup Global Mkts., Inc.*, 202 S.W.3d 477 (Tex. App.—Dallas 2006, orig. proceeding), *mand. granted*, 258 S.W.3d 623 (Tex. 2008). In *Citigroup*, the Dallas Court of Appeals concluded that Citigroup had expressly waived its right to arbitrate by removing the case to federal court, where it was transferred to a federal multidistrict litigation court. *Citigroup*, 202 S.W.3d at 484. The Dallas Court of Appeals, in reaching its conclusion, relied primarily on Citigroup's federal court pleadings that stated it desired to pursue the case in a judicial forum to explain why it had removed the case to federal court and sought to have it transferred. *Id.* However, the Texas Supreme Court disagreed with the Dallas Court's conclusion that Citigroup expressly waived arbitration, stating that Citigroup never expressly waived or objected to arbitration and that Citigroup's statements in various transfer pleadings were required by statute to justify the transfer. *See In re Citigroup Global Mkts., Inc.*, 258 S.W.3d 623, 626 (Tex. 2008) (orig. proceeding).

In this case, it is not necessary to decide whether statements in pleadings related to a parties' desire to have a court resolve a dispute might suffice to establish an express

waiver of a right to arbitrate. The architects have filed no pleadings like those filed in *Citigroup*. Nothing in the agreed order reinstating the case following its abatement or in the parties' agreed motion to continue reflects that the architects expressly waived any of their rights under the architectural agreement, including their right to arbitrate. *See In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 694 (Tex. 2008) (holding that several letters that concerned an impending trial and an offer to request an agreed trial setting did not amount to an express waiver). We conclude that the architects have not expressly waived their right to arbitrate by agreeing to reinstate the case following abatement or by agreeing to a continuance.

The Mainwarings also argue that the architects' conduct amounts to an implied waiver of their right to arbitrate. According to the Mainwarings, implied waiver arises because the architects substantially invoked the litigation process by filing an answer, engaging in pre-trial discovery, participating in a deposition, joining in an agreed motion to reinstate the case, and joining in an agreed motion to continue the case.

It is undisputed that the architects filed an answer, the parties exchanged written discovery, and that the architects participated in a single deposition taken at the Mainwarings' request. However, in the agreed motion to continue the case, the parties stated that discovery was not complete. In April 2012, the Mainwarings filed a Second Amended Petition, adding two additional defendants to the multiple individuals and entities being sued. Approximately one week later, the architects asked the trial court to

compel arbitration. In July 2012, by filing a third amended petition, the Mainwarings added four more defendants to their suit. In light of the number of parties and issues involved in the dispute, as well as the comparatively small amount of discovery done given the number of parties involved, we conclude that the architects have not substantially invoked the judicial process.

The Texas Supreme Court has stated that "[m]erely taking part in litigation is not enough unless a party 'has substantially invoked the judicial process to its opponent's detriment.'" *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (quoting *In re Serv. Corp. Int'l*, 85 S.W.3d 171, 174 (Tex. 2002)). In *Perry Homes*, the Supreme Court held that "'allowing a party to conduct full discovery, file motions going to the merits, and seek arbitration only on the eve of trial'" is sufficient to show waiver. 258 S.W.3d at 590 (quoting *Vesta Ins. Grp.*, 192 S.W.3d at 764). However, "requesting an initial round of discovery, noticing (but not taking) a single deposition, and agreeing to a trial resetting[]" is not sufficient to show waiver. *Id.* at 590 (citing *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (concluding no waiver where party had answered the suit, sent interrogatories and request for production, and entered into an agreed order resetting the case for a later trial date)). The Supreme Court has also held that litigating for two years in the trial court, participating in discovery, and noticing four depositions did not waive arbitration. *See Vesta Ins. Grp.*, 192 S.W.3d at 763.

The record before us shows:

- The parties recognized in their March 2012 correspondence regarding an agreed continuance that discovery was not substantially complete.

- The architects' discovery consisted of written discovery to the Mainwarings; however, because the discovery is not in the record before us, we are unable to determine whether the architects conducted significant discovery on the merits as the Mainwarings contend in their brief

- The architects did not seek to compel arbitration on the eve of trial, as the parties had recently agreed to continue the case to complete discovery.

- The architects did not file motions in the trial court addressing the merits of the Mainwarings' claims.

- The architects first appeared as parties in December 2010, and the case was abated less than three months later.

- The case was abated between March 2011 and October 2011, based on the requirements of the Texas Residential Construction Liability Act. *See* Tex. Prop. Code Ann. § 27.004(d).

- Although the Mainwarings incurred attorney's fees, they did not demonstrate in the trial court that the fees they incurred were significantly related to the architects' written discovery, nor did they establish that the architects' written discovery was extensive or addressed the merits of the dispute.

- The architects first asked the trial court to compel arbitration on April 18, 2012, approximately six months after the case was reinstated; therefore, the record shows a nine month delay before asking the trial court to compel arbitration.

We conclude that the activities of the architects did not substantially invoke the litigation process. *See Perry Homes*, 258 S.W.3d at 591-92; *Vesta Ins. Grp.*, 192 S.W.3d at 763-64. Instead, the record shows that the architects were merely taking part in the

13

litigation process. *See Vesta Ins. Grp.*, 192 S.W.3d at 763-64. We hold the conduct shown in this case does not establish implied waiver. *See Fleetwood Homes*, 257 S.W.3d at 694-95 (concluding that eight months delay not sufficient to overcome the strong presumption against waiver); *Vesta Ins. Grp.*, 192 S.W.3d at 763 (concluding that two years delay not sufficient to overcome the strong presumption against waiver); *EZ Pawn*, 934 S.W.2d at 89-90 (concluding that ten months delay not sufficient to overcome the strong presumption against waiver).

Because a valid arbitration clause exists and the architects have not waived their right to arbitration, we hold that the trial court abused its discretion in denying the architects' motion to compel arbitration. We reverse the trial court's order, remand this case to the trial court, and instruct the trial court to enter an order compelling the arbitration of the dispute between the architects and the Mainwarings.

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on October 17, 2012
Opinion Delivered December 20, 2012
Before McKeithen, C.J., Gaultney and Horton, JJ.