

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00027-CV

IN RE GARY J. ALBERTSON II AND JAMIE PRICE ALBERTSON

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Relators, Gary J. Albertson II and Jamie Price Albertson, have filed for a writ of mandamus asking this Court to direct Respondent, the Honorable Robert Rolston, sitting by assignment in the Fifth Judicial District Court of Cass County, Texas, to (1) vacate his order denying Relators' motion to reinstate their case following abatement for lack of pre-suit notice and (2) enter an order granting the same.[1]

This matter has previously been before our Court wherein RPI, as Relators in the previous matter, sought to have an order setting the case for final hearing vacated until the case had been properly reinstated, if it could be. *See In re TJ Bolt Constr., LLC*, No. 06-24-00089-CV, 2024 WL 4864632, at *1 (Tex. App.—Texarkana Nov. 22, 2024, orig. proceeding) (mem. op.). As we explained,

> "The [Residential Construction Liability Act (RCLA)] applies to 'any action to recover damages resulting from a construction defect.'" *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522, 525 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding) (citing TEX. PROP. CODE. ANN. § 27.002(a)). "'Construction defect' means a deficiency in the design, construction, or repair of a new residence . . . on which a person has a complaint against a contractor." TEX. PROP. CODE. ANN. § 27.001(3) (Supp.). Under the RCLA, at least sixty days before filing suit, "a claimant seeking from a contractor damages or other relief arising from a construction defect" must give the contractor written notice "specifying in reasonable detail the construction defects that are the subject of the complaint." TEX. PROP. CODE. ANN. § 27.004(a) (Supp.). A claimant must also give the contractor an opportunity to conduct inspections of the property, if requested, and respond to any settlement offer made by the contractor if the claimant considers the offer unreasonable. TEX. PROP. CODE. ANN. § 27.004(a), (b).

---

[1]On April 9, 2025, this Court requested a response from the Real Parties in Interest, TJ Bolt Construction, LLC, David Bolt, and Teddy Joe Bolt (RPI). RPI did not file a response.

*Id.* We found that the trial court's order was void because it was issued prior to reinstatement of an abated case. We directed the trial court to vacate its order setting hearing and to make a determination as to whether the case should be reinstated prior to entering further orders. *See id.* at *2.

Subsequently, the trial court set a hearing for a motion for reinstatement in January 2025. After the hearing, the trial court accepted additional filings from the parties related to the motion for reinstatement. The trial court also requested a conference call with the parties to discuss the matter, while still pending a ruling on reinstatement. On April 1, 2025, an order denying the motion to lift abatement was issued.

Mandamus will issue when the mandamus record shows that "the trial court clearly abused its discretion," *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding), and when the Relators "ha[ve] no adequate remedy by appeal," *id.* at 135–36 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Because "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts," *id.* at 135 (alteration in original) (quoting *Walker*, 827 S.W.2d at 840), its failure to apply the law to the facts is "a clear abuse of discretion," *id.*

Here, Relators argue that their DTPA notice, initial disclosures, and original petition, when taken together, satisfy the requirements of the RCLA's pre-suit notice requirement. As previously discussed, "[u]nder the RCLA, at least sixty days before filing suit, 'a claimant seeking from a contractor damages or other relief arising from a construction defect' must give the contractor written notice 'specifying in reasonable detail the construction defects that are the

3

subject of the complaint.'" *In re TJ Bolt Constr., LLC*, 2024 WL 4864632, at \*1 (quoting TEX. PROP. CODE ANN. § 27.004(a) (Supp.)). "A claimant must also give the contractor an opportunity to conduct inspections of the property, if requested, and respond to any settlement offer made by the contractor if the claimant considers the offer unreasonable." *Id.* (citing TEX. PROP. CODE ANN. § 27.004(a), (b) (Supp.)).

Relators cite to *In re Anderson Construction Co.* for the proposition that the notice requirement does not need to be contained in a single exchange of information. *See In re Anderson Const. Co.*, 338 S.W.3d 190, 195 (Tex. App.—Beaumont 2011, orig. proceeding) (per curiam). While we agree that the notice requirement does not require a single exchange of information, we do not agree that the notice requirement allows for a piecemeal process by which multiple documents, some filed during an abatement period, can be said to satisfy the requirement.

In *In re Anderson Const. Co.*, the plaintiffs complied with the notice requirement before filing their initial petition. *Id.* at 193. The defendant made an offer of settlement. *Id.* Subsequently, the plaintiffs filed an amended petition that included additional defects not included in their original petition and notice. *Id.* The defendant filed a verified plea in abatement, claiming that the plaintiffs did not respond to their settlement offer and an amended verified plea in abatement asserting that the plaintiffs failed to provide written notice concerning the newly alleged defects. *Id.* at 194. The trial court, over the defendant's objection that the lawsuit had been abated, granted plaintiffs' motion to compel discovery, and the defendant appealed. *Id.*

4

The Beaumont Court of Appeals found that the trial court erred in compelling discovery while the case was abated. *Id.* at 197. Therefore, the court declined to find that correspondence dated after the motion to compel was granted was enough to satisfy notice or the "requisite 'reasonable opportunity to inspect,'" or to establish that the trial court properly reinstated the case. *Id.* at 196. As a result, the court instructed the trial court to vacate its order granting discovery and to "refrain from proceeding with the case until a motion to reinstate [was] filed that establishe[d] compliance with the notice and inspection requirements of the Residential Construction Liability Act." *Id.* at 197.

Here, unlike *In re Anderson Const. Co.*, no formal notice was ever provided prior to the initiation of the lawsuit. In fact, Relators argue that the petition itself, along with documents served during the abatement period, taken together, serve to put RPI on notice of the defects they are complaining about. We disagree. "Unless otherwise specified in the abatement order, any action taken by the court or the parties during the abatement is a legal nullity." *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522, 527 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding).

"The purpose of the RCLA's notice requirements 'is to encourage pre-suit negotiations to avoid the expense of litigation.'" *Timmerman v. Dale*, 397 S.W.3d 327, 331 (Tex. App.—Dallas 2013, pet. denied) (quoting *In re Wells*, 252 S.W.3d 439, 448 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding)). Allowing the parties to circumvent the pre-suit notice requirement and piecemeal together documents after litigation begins to meet the requisite intent of the requirement belittles its purpose, and we decline to do so here.

5

The Court, having examined and fully considered the petition for a writ of mandamus, is of the opinion that the trial court did not abuse its discretion in denying the Relators' motion to reinstate. Accordingly, we deny the petition for a writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

Scott E. Stevens
Chief Justice

Date Submitted:     May 29, 2025
Date Decided:      May 30, 2025