VISION 20/20, LTD., Appellant

v.

CAMERON BUILDERS, INC., Appellee

NO. 14-15-01011-CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed June 20, 2017

Elliott M. Cin, Houston, TX, Leif Alexander Olson, Humble, TX, for Appellant.

William T. Powell, Houston, TX, for Appellee.

Panel consists of Justices Christopher, Jamison, and Donovan.

## OPINION

Martha Hill Jamison, Justice

This appeal concerns statutory construction of a provision of the Residential Construction Liability Act (RCLA). *See* Tex. Prop. Code §§ 27.001–.007. The named plaintiff and appellant, Vision 20/20, Ltd.,[1] sued appellee Cameron Builders, Inc., alleging that a construction defect in a home built by Cameron resulted in significant damages. The trial court granted summary judgment favoring Cameron based on the notice provisions of RCLA section 27.003(a)(2). Concluding that none of appellant's arguments support reversal under the circumstances presented, we affirm.

### *Background*

Vision is a partnership owned by members of a family. In 2005, Cameron built a home for Vision that certain family members then inhabited. In December 2011, a plumbing failure in an upstairs bathroom allegedly caused significant water damage at the home, both to the structure itself and to furnishings and other personal possessions. The family members moved out of the home, and remediation and repair efforts began. A family member spoke to Cameron's president about the water damage in December 2011 and January 2012. On March 2, 2012, Rimkus Consulting, which had been hired by Vision's insurer, Certain Underwriters at Lloyds, London, reported that the water damage was the result of the failure of a hot water supply lavatory connector which was improperly routed and installed.

On March 8, 2013, after all remediation and repair efforts at the home had been completed, an attorney representing Lloyds sent a demand letter to Cameron, asserting that Cameron was responsible for the water damage and that the total amount of the resulting damages was $207,701.05. Cameron denied liability and the present lawsuit, naming Vision as plaintiff, was filed.

The petition raised negligence, breach of warranty, and violations of the Texas Deceptive Trade Practices Act causes of action. Damages were sought for both the cost of repairing the real property damage as well as for the value of damaged personal property. Cameron later filed a third-party claim against the plumbing subcontractor who allegedly installed the water supply line that had failed. Cameron filed a motion for summary judgment asserting, among other things, that Vision's claims were barred by operation of RCLA section 27.003(a)(2). The trial court granted the motion as to the claims for damages related to real property but denied it as to the claims related to personal property. The trial court specifically based its grant of summary judgment on section 27.003(a)(2). Subsequently, Vision nonsuited its claims for personal property damages, and Cameron nonsuited its claims against the third-party plumbing contrac-

---

1. Vision's insurer and subrogee is Certain Underwriters at Lloyds, London. For ease of reference, we refer to appellant as Vision.

tor. The summary judgment therefore was rendered final, and this appeal followed.

### Discussion

We review de novo a trial court's grant of summary judgment. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, such as was granted here, the movant has the burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* (citing Tex. R. Civ. P. 166a(c)). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See id.*

■ The parties agree that this case is governed by the RCLA. The RCLA modifies claims for damages resulting from construction defects in residences by limiting and controlling causes of action that otherwise exist. *E.g., Gentry v. Squires Constr., Inc.*, 188 S.W.3d 396, 404 (Tex. App.—Dallas 2006, no pet.). The RCLA does not create a cause of action but provides defenses and limitations on damages. *E.g., id.* The RCLA also sets forth notice provisions. *Id.* The purpose of the notice requirements is to encourage pre-suit negotiations to avoid the expense of litigation. *In re Wells*, 252 S.W.3d 439, 448 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding).

The trial court expressly based its grant of summary judgment on RCLA section 27.003(a)(2), which states in relevant part:

> if … a person subrogated to the rights of a claimant fails to provide the contractor with the written notice and opportunity to inspect and offer to repair required by Section 27.004 … before performing repairs, the contractor is not

liable for the cost of any repairs or any percentage of damages caused by repairs made to a construction defect at the request of … a person subrogated to the rights of a claimant by a person other than the contractor or an agent, employee, or subcontractor of the contractor.

Tex. Prop. Code § 27.003(a)(2). The referenced section 27.004 contains many requirements, but relative to section 27.003(a)(2), it requires a claimant to notify a contractor in writing of a "construction defect" that the claimant claims caused damages and to permit the contractor to inspect the property and make an offer to repair. *See id.* § 27.004(a).

■ In this appeal, Vision does not contest that (1) section 27.003(a)(2) is generally applicable to this case, (2) Lloyds is subrogated to the rights of Vision, (3) Lloyds failed to provide Cameron with the notice and opportunity to inspect and make an offer as required by section 27.004 before performing repairs, or (4) Lloyds requested the repairs in question be made. Vision concedes that application of section 27.003(a)(2) prevents it from recovering in this case for the costs required to repair the failed hot water supply line. Vision argues, however, that the definition of "construction defect" as used in section 27.003(a)(2) does not include any damages to the residence caused by the failed water line beyond repair of the line itself. Resolution of this issue therefore requires interpretation of the applicable RCLA provisions.

The meaning of a statute is a legal question that we also review de novo, with the primary goal being to ascertain and give effect to the legislature's intent. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). When possible, we discern legislative intent from the

plain meaning of the words chosen. *Id.* This general rule applies unless enforcing the plain language of the statute as written would produce absurd results. *Id.* In discerning the legislature's intent, we begin with the plain and common meaning of the statute's terms, reading the statute as a whole and not as isolated parts. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). When the language used is unambiguous, we interpret a statute according to its own terms. *Id.*; *see also* Tex. Gov't Code § 311.011(a) (Code Construction Act) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). We also take into account the objective the law seeks to obtain and the consequences of a particular construction. *Sunset Valley*, 146 S.W.3d at 642.

The RCLA defines "construction defect" in section 27.001(4), in relevant part, as:

a matter *concerning* the design, construction, or repair of a new residence ... on which a person has a complaint against a contractor. The term *may include* any physical damage to the residence, any appurtenance, or the real property on which the residence and appurtenance are affixed proximately caused by a construction defect.

Tex. Prop. Code § 27.001(4) (emphasis added). Appellant focuses on the word "may" in the second sentence of the definition and argues that the text indicates that the legislature intended the inclusion of physical damages to be discretionary, depending on the particular circumstances of a case. We reject appellant's proposed construction.

■ Initially, we note the phrase at issue is "may include." In Texas statutes, "includes" and "including" are terms of enlargement and not of limitation. Tex. Gov't Code § 311.005(13). We therefore conclude that the legislature intended to enlarge the definition of construction defect by providing the list including physical damage. *See In re E.C.R.*, 402 S.W.3d 239, 246 (Tex. 2013) (citing *Samantar v. Yousuf*, 560 U.S. 305, 317 & n.10, 130 S.Ct. 2278, 176 L.Ed.2d 1047 (2010) (observing that "use of the word 'include' can signal that the list that follows is meant to be illustrative rather than exhaustive"); *Fed. Land Bank v. Bismarck Lumber Co.*, 314 U.S. 95, 99–100, 62 S.Ct. 1, 86 L.Ed. 65 (1941) (holding that "the term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle"); and 2A N. Singer & J. Singer, Sutherland Statutory Construction § 47.7, p. 305) (7th ed. 2007) ("[T]he word 'includes' is usually a term of enlargement, and not of limitation.").

Although we agree with Vision that the word "may" can create discretionary authority, it cannot do so if the context in which the word or phrase appears necessarily requires a different construction. *See* Tex. Govt. Code § 311.016. The RCLA is written broadly to encompass "any action to recover damages or other relief *arising from* a construction defect." Tex. Prop. Code § 27.002(a)(1) (emphasis added); *see also In re NEXT Fin. Group, Inc.*, 271 S.W.3d 263, 268 (Tex. 2008, orig. proceeding) (per curiam) (recognizing in construing statute that "'arising out of' are words of ... broad[] significance"). Similarly, "construction defect" is broadly defined. *Timmerman v. Dale*, 397 S.W.3d 327, 331 (Tex. App.—Dallas 2013, pet. denied). Under the express language of the statute, the complaint against the contractor such as alleged here "arises" from a "construction defect" if it merely "concerns" the construction of a new residence. *See In re Wells*, 252 S.W.3d at 448. A construction that could exclude physical damage is contrary to the very purpose of the statute.

We conclude that the context in which "may" appears in 27.001(4) necessarily requires a different construction than what Vision proposes.

If, as is alleged here, a relatively inexpensive problem (a burst water supply line) caused significant physical damage to a residence (such as extensive water damage), it would distort the purpose of the RCLA if the contractor could elect to be held responsible for only the water line. Likewise, if a subrogated party could, at its discretion, opt out of the provisions of the RCLA as to the significant physical damage, it would distort the RCLA's objective of encouraging settlement and preventing the cost of litigation.

In other words, "construction defect" as used in section 27.003(a)(2) includes any physical damage as listed. We therefore reject Vision's contention that Cameron should pay for the physical damages even though Vision failed to provide the required notice.

Vision additionally contends that before Cameron could rely on section 27.003(a)(2), it needed to show that it was prejudiced by the lack of pre-repair notice and that Cameron failed to demonstrate any such prejudice. In support, Vision relies on the general notion that a party that is unharmed should not be heard to complain, citing several disparate cases in which a lack of

prejudice prevented enforcement of a requirement.[2] Vision also cites one RCLA case: *Hernandez v. Lautensack*, 201 S.W.3d 771 (Tex. App.—Fort Worth 2006, pet. denied). *Hernandez* did not involve section 27.003(a)(2), as does the present case, but did concern the application of the notice requirements of section 27.004. *Id.* at 775. As Vision highlights, the *Hernandez* court held that the claimant's failure to provide pre-suit notice of a construction defect to the contractor was of no moment because the contractor had already inspected the problem roof "many times" and had already submitted a bid to replace the roof. *Id.* at 776. Under those circumstances, the court concluded, technical application of the notice requirements to give the contractor yet another opportunity to inspect served no purpose. *Id.*[3]

*Hernandez* can be distinguished from the present case because, here, Cameron did not receive the required notice and was not provided an opportunity to inspect the residence and make an offer to fix the problem as was the contractor in *Hernandez*. Vision concedes it did not provide the required notice. Without the opportunity to inspect and investigate the nature and cause of the defect and the nature and extent of necessary repairs, Cameron was prejudiced in determining whether it might be liable for the damages and

**2.** *See, e.g., PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 633–37 (Tex. 2008) (holding insured's failure to timely notify insurer of alleged offense did not defeat coverage in absence of prejudice to insurer); *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 693–694 (Tex. 1994) (holding insured's failure to obtain insurer's consent to settle before settling claim did not void coverage when the insurer would have consented had it been requested); *Levine v. Steve Scharn Custom Homes, Inc.*, 448 S.W.3d 637, 654 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (explaining that an immaterial breach of a contract by one party does not excuse the other party's future performance); *Gray v. Waste Res., Inc.*, 222

S.W.3d 522, 525 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding fraud plaintiff could not show reliance on misrepresentations when he acknowledged he would have acted the same way even if the misrepresentations were not made).

**3.** The *Hernandez* court gave several additional reasons for its holding the trial court did not err in refusing to dismiss the claimant's lawsuit due to a lack of notice. 201 S.W.3d at 776. Importantly, a prior version of RCLA applied, requiring only abatement, not dismissal, when notice provisions were violated.

whether to offer to repair the damages or make a monetary offer of settlement as permitted under the RCLA.

Finding no merit in any of appellant's arguments, we overrule appellant's sole issue and affirm the trial court's judgment.