**In re CLASSIC OPENINGS, INC., Relator.**

**No. 05–10–00421–CV.**

Court of Appeals of Texas, Dallas.

May 24, 2010.

---

Kent F. Brooks, Law Office of Kent F. Brooks, J. Richard Tubb, Dallas, for Relator.

Michael Barrett Jones, The Wolf Law Firm, P.C., Southlake, for Real Party in Interest.

Before Justices BRIDGES, LANG, and MYERS.

## OPINION ON REHEARING

Opinion By Justice MYERS.

On the Court's own motion, by order dated May 12, 2010, we withdrew our opinion of May 11, 2010 and vacated our order of that date. The following is now the opinion of the Court.

This mandamus proceeding involves a suit brought by real party in interest Gary Sayre against relator Classic Openings, Inc. for breach of contract, deceptive trade practices, and breach of express and implied warranties after Classic Openings replaced windows and doors in Sayre's residence. Classic Openings claims the trial court abused its discretion by failing to abate the case under the Residential Construction Liability Act (RCLA). *See* TEX.

PROP.CODE ANN. § 27.004(d) (Vernon Supp. 2009). We conditionally grant the writ.

■ Although Sayre contends the RCLA does not apply to his claims because he is not seeking damages under that act, section 27.002 of the Texas Property Code provides that the RCLA applies to "any action to recover damages or other relief arising from a construction defect, except a claim for personal injury, survival, or wrongful death or for damage to goods." TEX. PROP.CODE ANN. § 27.002(a)(1) (Vernon Supp. 2009). A "construction defect" includes "an alteration of or repair or addition to an existing residence ... on which a person has a complaint against a contractor." TEX. PROP.CODE ANN. § 27.001(4) (Vernon Supp. 2009). In his second amended petition, Sayre alleged Classic Openings overcharged for improper windows and the incorrect configuration of three doors. These allegations are a complaint against a contractor regarding the alteration or repair of an existing residence. Thus, Sayre's allegations fall within the RCLA. Consequently, Sayre was required to give Classic Openings written notice of the defect sixty days before filing suit. *See* TEX. PROP.CODE ANN. § 27.004(a). Sayre's notice of deceptive trade practices does not suffice to provide Classic Openings with the specific notice required under the RCLA. Therefore, we conclude the trial court abused its discretion in ruling otherwise. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

■ When, as here, an act contains a notice provision that is a mandatory prerequisite to filing suit, and the trial court fails to abate the suit, an appeal is inadequate and review by mandamus is appropriate. *See In re Kimball Hill Homes Texas, Inc.*, 969 S.W.2d 522, 525 (Tex. App.-Houston [14th Dist.] 1998, orig. proceeding).

We conditionally grant Classic Openings's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its April 7, 2010 order denying Classic Openings's motion to abate and to enter an order granting the motion.