REVERSED and RENDERED, REMANDED; Opinion Filed March 27, 2013



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01690-CV

**BRENT TIMMERMAN D/B/A TIMMERMAN CUSTOM BUILDERS, Appellant**
**V.**
**RICHARD P. DALE, JR., Appellee**

### On Appeal from the 160th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-09-03283

## OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Francis

In this breach of contract suit, Brent Timmerman d/b/a Timmerman Custom Builders appeals the trial court's order denying his motion for summary judgment and awarding Richard P. Dale, Jr. damages for lost rental value for failing to proceed with reasonable diligence in remodeling Dale's homestead residence. In a single issue, Timmerman contends Dale's claim falls under the Residential Construction Liability Act and the damages awarded are not allowable under the statute. See TEX. PROP. CODE ANN. § 27.001 *et seq*. For reasons set out below, we agree. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

In May 2006, Dale hired Timmerman to remodel his upscale condominium. As part of the parties' written contract, Timmerman agreed to begin construction "forthwith and to continue

such construction with reasonable diligence in substantial conformity with the Plans and Specifications." In addition, the contract contained a provision in which both parties acknowledged that the RCLA "applies to construction defects and any disputes or claims regarding construction defects in connection with the improvements."

In January 2008, Dale terminated the contract and refused to pay Timmerman's invoices. Timmerman then filed mechanic's and materialman's lien affidavits claiming liens on the residence. Dale filed suit, which he later amended, alleging claims for poor workmanship, overpayment of fees, and unreasonable delay in completing the project. Timmerman counterclaimed for unpaid amounts due and owing under the contract.

After the case was set for trial, the parties settled all issues except for Dale's delay claim in which Dale sought the fair market rental value of his homestead after the time remodeling should have been completed, which Dale estimated was thirteen months. At a hearing, the parties agreed the trial court would decide by summary judgment "whether or not delay, under a claim for delay in the construction of a residence, is governed by the RCLA, and whether or not reasonable rental value can be recovered on an issue of delay under the RCLA." The parties further agreed that the trial court would render judgment for Dale for $100,000 unless it granted Timmerman's forthcoming motion for summary judgment based on the application of the RCLA. Finally, the parties agreed that the "winning side" would be entitled to attorney's fees beginning from the date of the hearing, September 13, 2011.

Timmerman filed a motion for summary judgment. In the motion, he asserted Dale's claim was governed by the RCLA, and rental value of the home under construction is not recoverable as damages under the statute. Dale countered that a "common law claim for unreasonable delay has long existed" in this state. Relying on *Muller v. Light,* 538 S.W.2d 487,

2

488 (Tex. Civ. App.—Austin 1976, writ ref'd n.r.e.); *Ryan v. Thurmond*, 481 S.W.2d 199, 206 (Tex. Civ. App.—Corpus Christi 1972, writ ref'd n.r.e.); and *Hill v. Willett*, 281 S.W. 1110, 1111 (Tex. Civ. App.—Texarkana 1926, no writ), Dale contended his damages are the rental value of his homestead for the period of delay. Dale argued that his claim for lost rental value was not "preempted" by the RCLA because his claim is not governed by the RCLA. The trial court ultimately agreed with Dale and awarded him agreed damages of $100,000 for unreasonable delay and attorney's fees.[1] Timmerman appealed.

The summary judgment rule provides a method of summarily ending a case that involves only a question of law and no fact issue. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985). Determining the proper construction of a statute and the propriety of a ruling on a motion for summary judgment are both questions of law. *Berry v. State Farm Mut. Auto Ins. Co.*, 9 S.W.3d 884, 890 (Tex. App.—Austin 2000, no pet.).

Our review of the summary judgment here turns on the construction of the RCLA. Our primary objective in construing a statute is to give effect to the legislature's intent. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We seek that intent "first and foremost" in the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006). We rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from the context, or unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008); *see* TEX. GOV'T CODE ANN. § 311.011 (West 2005). We read every word, phrase, and expression in a statute as if it were deliberately chosen.

---

[1] We recognize the parties agreed to the procedure in the trial court. Nevertheless, the trial court did not have competing motions for summary judgment before it because Dale did not move for summary judgment. Because of our disposition of this appeal, we need not decide the propriety of the trial court awarding damages and attorney's fees to a party who has not moved for summary judgment.

*Cordillera Ranch, Ltd. V. Kendall County Appraisal Dist.,* 136 S.W.3d 249, 254 (Tex. App.—San Antonio 2004, no pet.).

If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms. *Fitzgerald v. Advanced Spine Fixation Systems, Inc*., 996 S.W.2d 864, 865 (Tex. 1999). Further, if a statute is unambiguous, rules of construction or other extrinsic aids cannot be used to create an ambiguity. *Id*.

The Texas Legislature enacted Chapter 27 of the Texas Property Code, known as the RCLA, in 1989 as a reaction to construction industry claims that the Deceptive Trade Practices Act was "used as a sword to litigate against builders." Justin Jackson, *Unlicensed to Drill Proposed Renovations to the Texas Residential Construction Commission Act*, 36 ST. MARY'S L. J. 753, 754 (2005). Its intent was to "provide an 'appropriate balance' between the residential contractor and owner, with respect to the resolution of construction disputes." *Id*. at 761.

The RCLA modifies causes of action for damages resulting from construction defects in residences by limiting and controlling causes of action that otherwise exist. *Gentry v. Squires Constr., Inc.*, 188 S.W.3d 396, 404 (Tex. App.—Dallas 2006 no pet.). It provides defenses, limitations on damages, and determines the standard of causation. *See* TEX. PROP. CODE ANN. § 27.003, 27.004, 27.006 (West 2000 & Supp. 2013); *Gentry*, 188 S.W.3d at 404. It also sets out notice provisions and encourages settlement through its procedures. *See* TEX. PROP. CODE ANN. § 27.004; *Gentry*, 188 S.W.3d at 404. The RCLA does not create a cause of action or derivative liability. TEX. PROP. CODE ANN. § 27.005. It does, however, prevail over any conflict between it and any other law, including the DTPA or a common law cause of action, except in circumstances that do not apply here. *Id*. at § 27.002(b).

The RCLA applies to "any action to recover damages or other relief arising from a construction defect, except a claim for personal injury, survival, or wrongful death or for damage to goods[.]" TEX. PROP. CODE ANN. § 27.002(a)(1) (West Supp. 2012). A "construction defect" means "a matter concerning the design, construction, or repair of a new residence, of an alteration of or repair or addition to an existing residence, or of an appurtenance to a residence, on which a person has a complaint against a contractor." *Id.* at § 27.001(4). Thus, the question here is whether a claim for damages based on Timmerman's unreasonable delay in completing the construction of Dale's residence is an action arising from a matter concerning the construction of Dale's residence and, thus, is governed by the RCLA. We conclude it is.

Initially, we note the statute is broadly written to encompass "any action" that arises from a construction defect. *See In re NEXT Fin. Group, Inc.*, 271 S.W.3d 263, 268 (Tex. 2008, orig. proceeding) (per curiam) (recognizing when construing contracts generally, "'arising out of' are words of . . . broad[] significance. . . ."). Similarly, "construction defect" is broadly defined. Under the statute's express definition of construction defect, the complaint against the contractor must merely arise from a matter that *concerns* the construction of a new or existing residence. *In re Wells*, 252 S.W.3d 439, 448 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). It need not necessarily involve defective construction or repair. *Id*.

While "construction defect" is defined in the statute, the term "construction" is not. To properly construe an undefined statutory term, we begin with the plain meaning of the word. In common parlance, construction means "the act of putting parts together to form a complete integrated object." WEBSTER'S THIRD NEW INT'L DICTIONARY 489 (1981). Dale alleges Timmerman failed to use reasonable diligence in completing the remodeling of his condominium. Giving the statute its plain meaning, we conclude a claim regarding delay in

5

constructing a residence is an action arising from a matter concerning its construction, that is, the act of putting the parts together to form a complete object. In other words, while Dale's complaint may not go to the quality of construction, it clearly concerns the manner in which Timmerman performed the construction and is thus governed by the RCLA.

In reaching this conclusion, we have considered Dale's argument that his claim is not amenable to the provisions of the RCLA. Dale accepts the "basic premise" that a construction defect "does not always involve defective work under the RCLA." According to Dale, the statute's "fundamental tenets" are its notice, inspection, and repair provisions found in section 27.004. He argues the RCLA provides no procedure for resolving a delay dispute nor does the statute provide any compensation for damages for unreasonable delay. We do not agree.

The purpose of the RCLA's notice requirements "is to encourage pre-suit negotiations to avoid the expense of litigation." *In re Wells*, 252 S.W.3d at 448. A dissatisfied owner can just as easily give notice of unreasonable delay as he can of an item of defective work so that the builder has an opportunity to cure. As Timmerman asserts, if such notice is given, a builder can offer to pay for replacement housing, double the crew to finish more quickly, provide a rebate on the contract, or any combination of these measures.

Dale also asserts that if the RCLA applies, he is left without any measure of damage. Except in circumstances not applicable here, the RCLA limits a claimant's recovery to specifically prescribed economic damages proximately caused by the construction defect. *See* TEX. PROP. CODE ANN. § 27.004(g). One such damage is "the reasonable expenses of temporary housing reasonably necessary during the repair period[.]" *Id*. at § 27.004(g)(4). So while a claimant seeking damages for unreasonable delay is not entitled to recover lost rental value of

6

the property under the statute, he may be entitled to the reasonable expenses of temporary housing.  In this case, Dale did not seek those damages.

We conclude the RCLA applies to Dale's claim for delay damages.  Further, we conclude the statute does not provide for the measure of damages sought by Dale and awarded by the trial court.  We therefore sustain Timmerman's sole issue.

We reverse the trial court's judgment and render judgment that Dale take nothing on his claim.  The parties previously agreed that the "winning side" would be entitled to attorney's fees beginning from the date of the stipulation hearing, September 13, 2011.  We therefore remand this cause to the trial court to determine the amount of attorney's fees to be awarded to Timmerman.

<div style="margin-left: 50%;">

/Molly Francis/
MOLLY FRANCIS
JUSTICE

</div>

111690F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRENT TIMMERMAN D/B/A
TIMMERMAN CUSTOM BUILDERS,
Appellant

No. 05-11-01690-CV        V.

RICHARD DALE, JR., Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-09-03283.
Opinion delivered by Justice Francis;
Justices Lang and Evans participating.

 

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that RICHARD P. DALE, JR. take nothing on his claim for unreasonable delay. We **REMAND** this cause to the trial court to determine the amount of attorney's fees to be awarded to appellant BRENT TIMMERMAN D/B/A TIMMERMAN CUSTOM BUILDERS.

It is **ORDERED** that appellant BRENT TIMMERMAN D/B/A TIMMERMAN CUSTOM BUILDERS recover his costs of this appeal from appellee RICHARD P. DALE, JR.

Judgment entered March 27, 2013.

/Molly Francis/

MOLLY FRANCIS
JUSTICE