**Opinion filed January 19, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00327-CV

_____

## IN RE CLINT FLETCHER

## Original Mandamus Proceeding

## MEMORANDUM OPINION

Relator, Clint Fletcher, has filed in this court an original mandamus proceeding related to an order entered on November 14, 2017, by the 385th District Court of Midland County in Cause No. CV53506. In the order, the Honorable Judge Robin Darr granted a motion to compel and required Fletcher to fully and completely respond to certain discovery requests within twenty days. Shortly after the petition for writ of mandamus was filed, this court granted Fletcher's motion for temporary emergency relief and ordered a stay of the proceedings below. We now lift the stay and conditionally grant the petition for writ of mandamus.

In the underlying cause, Blake Reynolds sued Fletcher, alleging defamation and tortious interference. After Fletcher filed an answer, he filed a verified plea in

abatement under the Defamation Mitigation Act (DMA), TEX. CIV. PRAC. & REM. CODE ANN. §§ 73.051–.062 (West 2017). In the plea in abatement, Fletcher averred that Reynolds had not requested a correction, clarification, or retraction of the allegedly defamatory statements as required by Section 73.055 of the DMA. Fletcher also asserted that the automatic abatement provision of Section 73.062 applied. Under Section 73.062(b), "A suit is automatically abated, in its entirety, without the order of the court, beginning on the 11th day after the date a plea in abatement is filed" if the plea in abatement is (1) verified and alleges that the defendant did not receive a written request as required by Section 73.055 and (2) not timely controverted in an affidavit filed by the plaintiff. CIV. PRAC. & REM. § 73.062(b).

Reynolds filed a timely response to Fletcher's plea in abatement. Attached to the response were numerous documents, including an affidavit that was called a "controverting affidavit" and a letter dated May 12, 2017. Reynolds's affidavit, however, did not controvert Fletcher's plea in abatement as required by the DMA. The affidavit merely indicated that, on May 12, 2017, one of Reynolds's attorneys sent a letter to Fletcher concerning defamatory statements made by Fletcher. Nowhere in the affidavit did Reynolds aver that he or his attorneys had requested a correction, clarification, or retraction of those statements. Furthermore, nowhere in the May 12 letter did Reynolds's attorney use words that could be construed as a request for a correction, clarification, or retraction of the statements. Because Reynolds's affidavit did not controvert Fletcher's assertion regarding the lack of a written request from Reynolds under Section 73.055 to correct, clarify, or retract the statements, the suit was automatically abated under Section 73.062(b) on the eleventh day after the September 20, 2017 filing of the verified plea in abatement. *Id.*

On September 29, 2017, the same day that he filed his response to the plea in abatement, Reynolds filed a motion to compel related to various discovery requests. The trial court heard the motion to compel on November 2, 2017, and signed an order granting the motion to compel on November 14, 2017. Both of these actions occurred while the case was abated pursuant to the automatic abatement provision in Section 73.062(b).

Mandamus relief is appropriate only if the trial court has abused its discretion and there is no adequate appellate remedy. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The burden of establishing these matters is on Fletcher. *See CSX*, 124 S.W.3d at 151. A writ of mandamus may be issued when a trial court "fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. In these instances the trial court's discretion is not invoked, and its failure to comply with the mandatory provision renders its order or judgment void" or voidable. *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 834 (Tex. 1980) (orig. proceeding); *see In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (holding that, if the challenged order is void, the relator need not show inadequate appellate remedy); *Dunn v. Street*, 938 S.W.2d 33, 35 (Tex. 1997) (holding that a writ of mandamus will issue to compel a trial court to set aside a void order because signing a void order is necessarily an abuse of discretion for which the ordinary appellate remedy is inadequate).

Under facts similar to those in the present case, our sister courts have held that mandamus is appropriate. *See In re Anderson Constr. Co.*, 338 S.W.3d 190, 197 (Tex. App.—Beaumont 2011, orig. proceeding) (holding that trial court had no discretion to compel discovery while the case was abated under a statutory automatic-abatement provision and that the relator had no adequate remedy on appeal); *In re Classic Openings, Inc.*, 318 S.W.3d 428, 429 (Tex. App.—Dallas

2010, orig. proceeding); *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522, 526–27 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding). We agree.

Accordingly, we conditionally grant Fletcher's petition for writ of mandamus. The Honorable Judge Robin Darr is directed to vacate the order that she signed on November 14, 2017, during the period of automatic abatement. A writ of mandamus will issue only if Judge Darr fails to act by January 31, 2018. Nothing in this opinion is to be read to prohibit Judge Darr from reconsidering Reynolds's motion to compel after the period of abatement has terminated[1] and the case is reinstated.

PER CURIAM

January 19, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

---

[1]In this regard, we note that, on October 23, 2017, Reynolds's attorney sent a letter to Fletcher via his attorneys to "supplement[]" the May 12 letter. In the October 23 letter, Reynolds specifically requested a "correction, clarification, and or retraction" of the "injurious defamatory statements." We also note that an automatic abatement under Section 73.062(b) "continues until the 60th day after the date that the written request is served or a later date agreed to by the parties." CIV. PRAC. & REM. § 73.062(c).

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

4