Opinion issued May 16, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-18-00755-CV

————————————————

## DANIEL AND TRISHA MITCHELL, Appellants

## V.

## D. R. HORTON-EMERALD, LTD., Appellee

On Appeal from the 458th District Court
Fort Bend County, Texas
Trial Court Case No. 16-DCV-236938

# O P I N I O N

In this construction-defect case, homeowners Daniel and Trisha Mitchell appeal from the trial court's judgment, which holds that they are not entitled to recover attorney and expert fees against contractor D.R. Horton—Emerald, Ltd. The Mitchells contend that their fees are recoverable as damages under the

Residential Construction Liability Act. *See* TEX. PROP. CODE § 27.004(g)(3), (6). The Act, however, "does not create a cause of action" for damages. *Id.* § 27.005. It simply limits the types of damages recoverable under causes of action that already exist. And here, the Mitchells have failed to assert a cause of action allowing for the recovery of attorney or expert fees. Therefore, we affirm.

## Background

In 2014, the Mitchells purchased a home built by the home construction company D.R. Horton. Shortly after purchasing the home, the Mitchells discovered defects with the home's foundation. The Mitchells provided D.R. Horton with written notice of the defects. *See id.* § 27.004(a). D.R. Horton did not respond to the notice, and the Mitchells filed suit.

In their amended petition, the Mitchells asserted claims for breach of implied warranties and negligent construction. They sought eight categories of damages, including reasonable and necessary engineering and consulting fees. They also sought reasonable and necessary attorney fees.

Before the case went to trial, the parties entered into a partial settlement agreement. Under the agreement, D.R. Horton stipulated that its negligence proximately caused a construction defect in the Mitchells' home and that the defect, in turn, caused the Mitchells to incur $60,000 in damages, not including their attorney and expert fees. The parties agreed that D.R. Horton would pay the

2

Mitchells $60,000 as partial settlement and that they would try the issue of fees to the bench. D.R. Horton expressly preserved the right to assert that the Mitchells were not entitled to recover attorney and expert fees as damages under the Act.

The case then went to trial. The issues were whether the Mitchells were entitled to recover their attorney and expert fees and, if so, in what amount. At the close of evidence, the Mitchells conceded that their sole basis for recovering their fees was Section 27.004(g) of the Act. The trial court ruled that the Mitchells were not entitled to recover attorney and expert fees as a matter of law because the Act is not an independent basis for the recovery of such fees. The trial court ordered that the Mitchells take nothing on their claim for attorney and expert fees.

The Mitchells appeal.

## Recoverability of Fees under the Act

In a single issue, the Mitchells contend that the trial court erred in ruling that they are not entitled to recover attorney and expert fees as damages under the Act. The Mitchells contend that they are entitled to recover their attorney and expert fees as damages under Section 27.004(g). According to the Mitchells, Section 27.004(g) allows a plaintiff to recover attorney and expert fees as damages in an action arising from a construction defect regardless of whether the underlying cause of action allows recovery of such fees. D.R. Horton responds that Section 27.004(g) is not an independent basis for the recovery of attorney and expert fees

(or any other form of relief) but simply limits the relief available under existing causes of action. And, because the Mitchells failed to prove a cause of action allowing the recovery of attorney and expert fees, the trial court did not err in ruling that they are not entitled to recover either type of fee.

## A.     Standard of review and applicable law

This appeal presents an issue of statutory interpretation, which we review de novo. *See Compass Bank v. Calleja-Ahedo*, 569 S.W.3d 104, 108 (Tex. 2018). The statute at issue is the Residential Construction Liability Act.

Codified as Chapter 27 of the Property Code, TEX. PROP. CODE §§ 27.001–27.007, the Act was enacted as a response to construction industry claims that homeowners had been using the Deceptive Trade Practices Act as a "sword" to litigate against residential contractors, *Timmerman v. Dale*, 397 S.W.3d 327, 330 (Tex. App.—Dallas 2013, pet. denied). The Legislature's intent was to establish an "appropriate balance" between the interests of residential contractors and homeowners in the resolution of construction disputes. *Id.*

The Act "applies to: (1) any action to recover damages or other relief arising from a construction defect, except a claim for personal injury, survival, or wrongful death or for damage to goods; and (2) any subsequent purchaser of a residence who files a claim against a contractor." TEX. PROP. CODE § 27.002(a). However, the Act "does not create a cause of action or derivative liability." *Id.*

4

§ 27.005. Instead, courts have construed it as modifying causes of action that already exist by providing defenses and limiting damages.[1] *See D.R. Horton-Emerald, Ltd. v. Mitchell*, No. 01-17-00426-CV, 2018 WL 542403, at *7 (Tex. App.—Houston [1st Dist.] Jan. 25, 2018, no pet.) (mem. op.) ("[T]he RCLA does not create a cause of action; rather, it limits and controls existing causes of action for damages resulting from construction defects in residences."); *Vision 20/20, Ltd. v. Cameron Builders, Inc.*, 525 S.W.3d 854, 856 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("The RCLA does not create a cause of action but provides defenses and limitations on damages."); *Smith v. Overby*, No. 04-15-00436-CV, 2016 WL 4444437, at *1 (Tex. App.—San Antonio Aug. 24, 2016, no pet.) (mem. op.) ("The RCLA does not create a cause of action; rather, it modifies causes of action for damages resulting from construction defects in residences by limiting and controlling causes of action that otherwise exist."); *CS Custom Homes, LLC v. Stafford*, No. 03-13-00315-CV, 2015 WL 5684080, at *3 n.12 (Tex. App.—Austin Sept. 23, 2015, no pet.) (mem. op.) ("[T]he RCLA does not purport to create a sui generis cause of action or theory of recovery, but regulates claims and remedies already provided by background law."); *Timmerman v. Dale*, 397 S.W.3d 327, 330 (Tex. App.—Dallas 2013, pet. denied) ("The RCLA modifies causes of action for

---

[1]     The Act also establishes the standard of causation and a pre-suit notice procedure to encourage settlement of claims. *See* TEX. PROP. CODE §§ 27.004, 27.006.

damages resulting from construction defects in residences by limiting and controlling causes of action that otherwise exist."); *Sanders v. Constr. Equity, Inc.*, 42 S.W.3d 364, 370 (Tex. App.—Beaumont 2001, pet. denied) ("The statute does not create a cause of action, but instead simply limits and controls causes of action that otherwise exist."); *see also* TEX. PROP. CODE §§ 27.003, 27.004 (providing defenses and limiting damages).

As relevant here, Section 27.004 limits the damages a plaintiff may recover to the six specific categories. TEX. PROP. CODE § 27.004(g). Section 27.004 provides, in relevant part, as follows:

> [I]n an action subject to this chapter the claimant may recover only the following economic damages proximately caused by a construction defect:
>
> (1) the reasonable cost of repairs necessary to cure any construction defect;
>
> (2) the reasonable and necessary cost for the replacement or repair of any damaged goods in the residence;
>
> (3) reasonable and necessary engineering and consulting fees;
>
> (4) the reasonable expenses of temporary housing reasonably necessary during the repair period;
>
> (5) the reduction in current market value, if any, after the construction defect is repaired if the construction defect is a structural failure; and
>
> (6) reasonable and necessary attorney's fees.

*Id.*

**B.** **Analysis**

To determine whether the Act serves as an independent basis for recovering attorney and expert fees in an action arising from a construction defect, we begin with the Act's text. *Agar Corp. v. Electro Circuits Int'l, LLC*, No. 17-0630, 2019 WL 1495211, at *9 (Tex. Apr. 5, 2019); *Compass Bank*, 569 S.W.3d at 110.

Section 27.004(g) provides that "in an action subject to [the Act] the claimant may recover only the [six categories of] damages" listed by the section. TEX. PROP. CODE § 27.004(g). By providing that a claimant "may recover only" those damages that are listed, Section 27.004(g) *limits* the damages recoverable "in an action subject to" the Act. But it does not create a basis for recovering such damages in the first place. Had the Legislature intended to do so, it could have used the type of language typically invoked to create an affirmative right to relief, e.g., "the claimant *shall* be able to recover" the categories of listed damages. Instead, it used language that presupposes the existence of various underlying causes of action ("in an action subject to [the Act]") and then limits the damages recoverable under such causes ("the claimant may recover only the [six categories of listed] damages"). The text thus contemplates a plaintiff asserting a cause of action that allows for the recovery of damages not listed in Section 27.004(g)— e.g., treble damages under the DTPA or exemplary damages in a claim for

negligence—and then limits the damages available under such a cause of action to those categories that are listed.

This reading of Section 27.004 as limiting—but not creating a basis for recovering—damages in a construction defect case is underscored when considered in context with two other provisions of the Act. First, there is Section 27.002, which establishes the causes of action to which the Act applies. *Id.* § 27.002(a). It provides that the Act "applies to: (1) any action to recover damages or other relief arising from a construction defect, except a claim for personal injury, survival, or wrongful death or for damage to goods; and (2) any subsequent purchaser of a residence who files a claim against a contractor." *Id.* Second, there is Section 27.005, which clarifies that the Act "does not create a cause of action or derivative liability." *Id.* § 27.005. Sections 27.002 and 27.005, like Section 27.004, show that the Act does not create any cause of action—or, by extension, any basis for the recovery of damages—but rather limits and modifies the causes of action, damages, and other relief that already exist.

This reading, moreover, accords with the Act's purpose, which was to create an "appropriate balance" between the interests of contractors and homeowners in response to perceived litigation abuse by homeowners. *See Timmerman*, 397 S.W.3d at 330. And it accords with case law from other courts of appeals, which uniformly holds that the Act does not create any cause of action but simply limits

and modifies those causes of action that already exist. *See, e.g.*, *Mitchell*, 2018 WL 542403, at *7; *Vision 20/20*, 525 S.W.3d at 856; *Smith*, 2016 WL 4444437, at *1; *Stafford*, 2015 WL 5684080, at *3 n.12; *Timmerman*, 397 S.W.3d at 330; *Sanders*, 42 S.W.3d at 370.

Despite the Act's text, the Act's purpose, and the uniform case law, the Mitchells insist that Section 27.004 creates an independent basis for the recovery of attorney and expert fees in a construction-defect case. The Mitchells contend that their proposed construction of Section 27.004 is supported by an opinion issued by our sister court, *D.R. Horton-Tex., Inc. v. Bernhard*, 423 S.W.3d 532 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). We disagree.

In *Bernhard*, a contractor moved to vacate an arbitration award, which awarded the homeowner attorney fees as damages under the Act even though the arbitration clause in the underlying sales contract provided that each party would bear its own fees incurred in arbitration. *Id.* at 533. The issue on appeal was not whether the arbitrator's award was *correct*, but whether the arbitrator had authority to make the award *at all*. *Id.* at 534. The court affirmed, holding that the arbitrator did have authority to make the award while expressly declining to opine on whether the arbitrator had correctly applied the Act to the facts of the case. *Id.* at 535–36. Because the court declined to decide whether the arbitrator's application of the Act was correct, *Bernhard* is inapposite.

The Mitchells further contend that construing Section 27.004 as simply limiting the damages recoverable in a construction defect case would render part of the section superfluous, as "there is no underlying cause of action an RCLA plaintiff may assert that would allow them to recover expert fees as damages or even court costs." Again, we disagree. We have little difficulty in concluding that at least some claims subject to the Act's provisions would allow for the recovery of expert fees. An obvious example would be a claim for breach of contract in which the contract allows the plaintiff to recover expert fees incurred in pursuing the claim.

We hold that Section 27.004(g) does not permit a plaintiff to recover attorney or expert fees in the absence of an underlying cause of action providing for the recovery of such fees. Because the Mitchells failed to plead and prove a cause of action allowing for the recovery of such fees, the trial court did not err in ruling that the Mitchells were not entitled to recover such fees under the Act. We overrule the Mitchells' sole issue.

## Conclusion

We affirm.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Landau.

10