

# NUMBER 13-22-00548-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**KHIZAR AHSAN AND SOBIA NASIR,**                                    **Appellants,**

**v.**

**PERRY HOMES, LLC,**                                                        **Appellee.**

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 10
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña**
**Memorandum Opinion by Justice Peña**

Appellants Khizar Ahsan and Sobia Nasir appeal the trial court's order granting a

no-evidence motion for summary judgment and dismissing their breach of implied

warranty claim against appellee Perry Homes, LLC (Perry Homes). In three issues, which

we treat as two, appellants argue that the trial court erred because: (1) Perry Homes's motion was fatally deficient in identifying the elements of its claim for which there was no evidence; and (2) appellants presented more than a scintilla of evidence as to each element of its claim. We affirm.

## I.  BACKGROUND

According to their live petition, appellants purchased a house built by Perry Homes in Mission, Texas. In late 2016, appellants discovered "cracking" and "distress" in the walls and foundation of the house. After receiving notification of the problems, Perry Homes made repairs "which appeared to be cosmetic in nature." Perry Homes informed appellants that it had resolved the issues. Appellants later notified Perry Homes of further cracking and distress. Perry Homes responded by having an engineer inspect the house on two separate occasions, but it did not conduct any further repairs. Appellants then filed suit alleging a "breach of warranty."[1] Specifically, appellants asserted that "Perry Homes warranted the home and its foundation and had a duty to correct and repair" but that its repairs were "sub-standard" and "did not address the issues." Appellants sought economic damages and attorney's fees.

Perry Homes filed an answer and asserted multiple affirmative defenses. It later filed a no-evidence motion for summary judgment, arguing that "there is no evidence of any of the elements of [appellants'] breach of warranty claim." Perry Homes also maintained that appellants could present no evidence on the causation element of their breach of warranty claim as set out by Texas Property Code § 27.006, which modifies the causation standard for claims related to a construction defect in residential properties.

---

[1] Appellants previously alleged negligence, negligent misrepresentation, and breach of warranty of habitability claims, but they omitted those claims in their live pleading.

2

*See* TEX. PROP. CODE ANN. § 27.006 ("In an action to recover damages resulting from a [residential] construction defect, the claimant must prove that: (1) the construction defect existed at the time of completion of the construction, alteration, or repair; and (2) the damages were proximately caused by the construction defect.").

Appellants filed a response supported by the unsworn declarations of each appellant, an agreement with a contractor to repair the foundation, an excerpt from an inspection report, photographs of the home, checks made to a contractor to repair the foundation, and an earnest money contract amendment regarding the purchase of the residence from Perry Homes. Appellants argued that the attached evidence established each element of its breach of implied warranty claim. Each appellant testified that the home was constructed by Perry Homes and that foundation problems developed shortly after construction, "which manifested in shifting, cracks, and other related issues." The excerpt from the inspection report identified similar issues to the foundation. Appellants noted that they hired separate contractors to address the foundation issues and related structural damages. Appellants also testified that they were told by a subsequent contractor that the foundation issues were "the result of improper construction of the house and failure to correct the problems."

Perry Homes filed a reply, arguing that while appellants presented evidence of property damage, they presented no evidence that the damage was caused by a construction defect. Appellants then filed a sur-reply.

3

Following a hearing, the trial court granted Perry Homes's motion for no-evidence summary judgment and dismissed appellants' claim.[2] Appellants filed a motion for new trial which was overruled by operation of law. This appeal followed.

## II. PROXIMATE CAUSE

We address the portions of appellants' issues that pertain to proximate cause first because they are dispositive. In particular, we consider appellants' arguments that: (1) Perry Homes's no-evidence motion for summary judgment was deficient regarding proximate cause because it is not an essential element of a breach of warranty claim; and (2) in the alternative, appellants presented more than a scintilla of evidence regarding proximate cause.

## A. Standard of Review & Applicable Law

After an adequate time for discovery, a party may move for no-evidence summary judgment. TEX. R. CIV. P. 166a(i). "A properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion." *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). "[A] no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions," while less than a scintilla exists "when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *Id.* (internal

---

[2] Appellants nonsuited their breach of implied warranty of habitability claim after the trial court granted summary judgment on the breach of implied warranty of good and workmanlike repair. Thereafter, the trial court signed a final judgment.

4

quotation marks omitted). In reviewing a trial court's ruling on a no-evidence motion for summary judgment, we examine the evidence in the light most favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts against the motion. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a trial court's order granting summary judgment de novo. *Cmty. Health Sys. Prof'l Services Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017).

The implied warranty of good workmanship in new home construction serves as a gap-filler or default warranty. *Gonzales v. Sw. Olshan Found. Repair Co., LLC*, 400 S.W.3d 52, 56 (Tex. 2013) (citing *Centex Homes v. Buecher*, 95 S.W.3d 266, 273–74 (Tex. 2002)). If a homeowner discovers a defect in their home, they have the option to sue for money damages or give the homebuilder the opportunity to "cure the problem." *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 352 (Tex. 1987). A homeowner's decision "to allow and make repairs relate[s] back to the original purchase and [is] a continuation of that transaction." *Id.* In that instance, "an implied warranty to repair or modify existing tangible goods or property in a good and workmanlike manner" arises. *Id.* at 354. "Good and workmanlike" is the quality of work performed by one who had the knowledge, training, or experience necessary for the successful practice of the occupation and performed in a manner that is considered proficient by those capable of judging such. *Id.* "We do not require repairmen to guarantee the results of their work; we only require those who repair or modify existing tangible goods or property to perform those services in a good and workmanlike manner." *Id.* at 355.

The Residential Construction Liability Act (RCLA), TEX. PROP. CODE ANN. §§ 27.001–.007, was enacted to provide a balance between the residential contractor and

5

homeowner in construction disputes. *Timmerman v. Dale*, 397 S.W.3d 327, 330 (Tex. App.—Dallas 2013, pet. denied). The RCLA modifies causes of action for damages resulting from construction defects in residences by limiting and controlling causes of action that otherwise exist. *Id.*; *see Mitchell v. D. R. Horton-Emerald, Ltd.*, 579 S.W.3d 135, 137 (Tex. App.—Houston [1st Dist.] 2019, pet. denied). It provides defenses, limitations on damages, and determines the standard of causation. *Timmerman*, 397 S.W.3d at 330; *see* TEX. PROP. CODE ANN. §§ 27.003, .004, .006. A "construction defect" for purposes of the RCLA "means [in relevant part] a matter concerning the design, construction, or repair of a new residence." TEX. PROP. CODE ANN. § 27.001(4). "[T]o recover damages resulting from a construction defect, the claimant must prove that . . . the damages were proximately caused by the construction defect." *Id.* § 27.006.

## B.  Analysis

Appellants argue that the RCLA does not create a cause of action; therefore, it does not provide an element "upon which [a]ppellants have the burden of proof at trial" and cannot serve as a basis for a no-evidence challenge. We disagree. The RCLA modifies common-law causes of action for damages arising from a construction defect, which includes matters concerning repair of a new residence. *See id.* § 27.001(4); *Timmerman,* 397 S.W.3d at 330. Therefore, appellants would have the burden at trial to show causation as set forth in the RCLA, and Perry Homes properly presented a no-evidence challenge as to proximate cause. *See Hansen*, 525 S.W.3d at 695–96. Accordingly, we will review whether appellants met their summary judgment burden.[3]

---

[3] Perry Homes argues that expert testimony is required to show proximate cause. We observe that many cases involving foundation damage include an examination of whether expert testimony is reliable for having not ruled out alternate causes of the foundation's issues, such as soil movement, vegetation,

6

"Proximate cause includes both cause in fact and foreseeability." *Mason v. AMed-Health, Inc.*, 582 S.W.3d 773, 789 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (citing *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 246 (Tex. 2008)). "Cause in fact is established when the act or omission was a substantial factor in bringing about the injuries, and without which the harm would not have occurred." *Id.* (citations omitted). A defendant's act or omission need not be the sole cause of an injury, as long as it is a substantial factor in bringing about the injury. *Bustamante v. Ponte*, 529 S.W.3d 447, 457 (Tex. 2017) (citing *Havner v. E-Z Mart Stores, Inc.*, 825 S.W.2d 456, 459 (Tex. 1992)). "A plaintiff proves foreseeability of the injury by establishing that 'a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission.'" *Stanfield v. Neubaum*, 494 S.W.3d 90, 97 (Tex. 2016) (quoting *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995)). "Conjecture, guess, and speculation are insufficient to prove cause in fact and foreseeability." *Id.*

Appellants were required to present evidence that Perry Homes's failure to perform repairs in a good and workmanlike manner proximately caused the subsequent foundation issues. *See* TEX. PROP. CODE ANN. § 27.006; *Melody Home*, 741 S.W.2d at

---

plumbing leaks, seasonal moisture, or the unleveled pouring of concrete. *See Gulley v. State Farm Lloyds*, 461 S.W.3d 563, 569 (Tex. App.—San Antonio 2014, pet. denied); *Yost v. Jered Custom Homes*, 399 S.W.3d 653, 662 (Tex. App.—Dallas 2013, no pet.); *Travelers Pers. Sec. Ins. v. McClelland*, 189 S.W.3d 846, 848–49 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Allstate Tex. Lloyds v. Mason*, 123 S.W.3d 690, 700–01 (Tex. App.—Fort Worth 2003, no pet.); *United Services Auto. Ass'n v. Gordon*, 103 S.W.3d 436, 440 (Tex. App.—San Antonio 2002, no pet.); *Codner v. Arellano*, 40 S.W.3d 666, 676 (Tex. App.—Austin 2001, no pet.); *see also State Farm Lloyds v. Blacklock*, No. 10-04-00018-CV, 2005 WL 2155635, at *7 (Tex. App.—Waco Sept. 7, 2005, pet. denied) (mem. op.); *Hunt v. Stephens*, No. 11-00-00222-CV, 2002 WL 32341814, at *2 (Tex. App.—Eastland Sept. 12, 2002) (mem. op.). However, we can find no authority that categorically requires expert testimony in cases where a contractor's repairs are alleged to have caused foundation damage. Expert testimony related to causation is required when an issue involves matters beyond jurors' common understanding. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006). We assume without deciding that appellants can establish causation through lay testimony. *See id.* ("Proof other than expert testimony will constitute some evidence of causation only when a layperson's general experience and common understanding would enable the layperson to determine from the evidence, with reasonable probability, the causal relationship between the event and the condition.").

354. We first note that the excerpt from the inspection report that appellants attached to their response identifies issues with the foundation but provides no information related to the cause of those issues. Further, appellants' declarations that they were told by a subsequent contractor that the foundation issues were "the result of improper construction of the house and failure to correct the problems" is conclusory testimony that is insufficient to create a question of fact regarding proximate cause. *See* TEX. R. CIV. P. 166a(f); *Nat'l Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 156 (Tex. 2012) (noting that opinion evidence offered by a lay witness must not be based on guesswork or conjecture and must not simply state a conclusion without explanation); *Yost v. Jered Custom Homes*, 399 S.W.3d 653, 660–61 (Tex. App.—Dallas 2013, no pet.) (concluding that testimony that foundation problems resulted from "the absence of provisions to protect against heaving" was conclusory because "neither [the witness's] affidavit nor his report detail what these 'provisions' were, nor do they provide evidence of how those provisions could have prevented the foundation damage in this case or how their absence caused the damage"). Finally, appellants' evidence showing that they paid for further repair work to the foundation does not create a fact issue on causation, because any inference therefrom that Perry Homes's conduct caused the need for further repairs would be based on conjecture or speculation. *See Neubaum*, 494 S.W.3d at 97; *see also Viaso Transp. Sols., LLC v. Ancortex, Inc.*, No. 02-21-00262-CV, 2022 WL 1259059, at *4 (Tex. App.—Fort Worth Apr. 28, 2022, no pet.) (mem. op.) (holding that testimony regarding the cost of repairs was conclusory and no evidence of causation); *Baxter v. Collins*, No. 07-17-00269-CV, 2019 WL 1576155, at *6 (Tex. App.—Amarillo Apr. 11, 2019, no pet.) (mem. op.) (concluding that evidence of pool collapse shortly after construction was no evidence

8

that contractors' actions caused the pool to collapse); *Bldg. Prods. Plus, Co., L.C. v. TAMKO Bldg. Prods., Inc.*, No. 01-12-00073-CV, 2013 WL 5604738, at *13 (Tex. App.—Houston [1st Dist.] Oct. 10, 2013, no pet.) (mem. op.) (concluding that evidence that manufacturing defect caused a structure's decking to fail was speculative and no evidence of causation where "the evidence [was] essentially that the product failed" and a witness concluded that "perhaps there must be a manufacturing defect in the product"). Because appellants presented no evidence of an essential element of their claim, we hold that the trial court did not err in granting summary judgment. *See Hansen*, 525 S.W.3d at 680. We overrule appellants' first and second issues as they pertain to proximate cause. Our resolution of these arguments is dispositive of the appeal; therefore, we need not address appellants' remaining arguments. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
5th day of July, 2024.

9