

# NUMBER 13-25-00440-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE DAVID BARRAZA AND YVONNE BARRAZA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice Peña[1]**

By petition for writ of mandamus, relators David Barraza and Yvonne Barraza assert that the trial court abused its discretion by denying their motion to abate the underlying lawsuit pursuant to the Texas Residential Construction Liability Act (TRCLA).

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the distinction between opinions and memorandum opinions).

*See* TEX. PROP. CODE ANN. § 27.004. We conditionally grant the petition for writ of mandamus.

## I.  BACKGROUND

On April 23, 2025, real parties in interest David Flores and Terry Alaniz filed an original petition against relators regarding relators' construction of a residential home. The real parties alleged that relators failed to complete the construction, collected payment for their work in excess of that work which had been performed, and failed to pay their subcontractors and material providers. The real parties asserted causes of action against relators for breach of contract, common law fraud, fraud in a real estate transaction, and deceptive trade practices. *See* TEX. BUS. & COM. CODE ANN. §§ 17.45, 17.46(b), 17.50(a)(2). With regard to their cause of action for deceptive trade practices, the real parties stated, in relevant part, that relators:

(a)  represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(b)  represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

(c)  represented that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced.

*Id.* § 17.46(b). The real parties further asserted that relators breached the implied warranties of good and workmanlike performance and merchantability. *Id*. § 17.50(a)(2). The real parties sought to recover damages including, *inter alia*, the cost of replacement, the cost of repairs, and "[r]emedial costs and/or costs of completion." The real parties also

sought damages for mental anguish, "multiple" damages under the deceptive trade practices act, exemplary damages, and attorney's fees.

On June 23, 2025, relators filed a verified motion to abate the case because the real parties did not provide relators with presuit notice of their claims under the TRCLA. *See* TEX. PROP. CODE ANN. § 27.004(a). The relators' motion to abate referenced and included a copy of the contract for construction signed by the parties indicating that relators agreed to construct a "barn and home" on the real parties' property for the sum of $277,200. Based upon the record, the real parties did not file a response to relators' motion to abate.

On August 6, 2025, the trial court held a hearing on relators' motion to abate. Relators presented argument in support of their motion to abate and requested permission to have Yvonne present testimony in support of their position; however, the trial court did not allow Yvonne to testify. Counsel for the real parties acknowledged that they had provided relators with presuit notice of their claims under the Texas Deceptive Trade Practices Act (DTPA), but counsel argued that the real parties were not similarly required to provide presuit notice under the TRCLA. The real parties contended that presuit notice was not necessary because they had not asserted any claims or causes of action based on that statute: "We picked our four causes of action and we're not required by any law to sue [relators] under the [TRCLA] that [relators are] asking to be sued under." The trial court took relators' motion to abate under advisement. On August 7, 2025, the trial court signed an order denying relators' motion to abate.

This original proceeding ensued. By four issues, which we construe as two, relators assert that the trial court abused its discretion by: (1) denying their motion to

3

abate; and (2) failing to allow Yvonne to testify at the hearing on the motion to abate. The Court requested and received a response to the petition for writ of mandamus from the real parties. The real parties contend that the TRCLA "is a cause of action" which they have not pursued, thus, the TRCLA's "prefiling procedures are irrelevant in this case."

## II.    STANDARD OF REVIEW

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The trial court abuses its discretion when it acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). An error of law or the erroneous application of the law to the facts is an abuse of discretion. *In re Ill. Nat'l Ins.*, 685 S.W.3d at 835.

To determine whether an appellate remedy is adequate, we balance or weigh the benefits of mandamus review against the detriments. *In re State Farm Mut. Auto. Ins.*, 712 S.W.3d 53, 59 (Tex. 2025) (orig. proceeding). "No specific definition captures the essence of or circumscribes what comprises an 'adequate' remedy; the term is 'a proxy for the careful balance of jurisprudential considerations,' and its meaning 'depends heavily on the circumstances presented.'" *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004) (orig. proceeding)).

4

## III.    THE TRCLA

The TRCLA, which is codified in Chapter 27 of the Texas Property Code, was enacted to establish a balance between the interests of residential contractors and homeowners in resolving construction disputes. *Mitchell v. D.R. Horton-Emerald, Ltd.*, 579 S.W.3d 135, 137 (Tex. App.—Houston [1st Dist.] 2019, pet. denied); *Timmerman v. Dale*, 397 S.W.3d 327, 330 (Tex. App.—Dallas 2013, pet. denied); *see Bruce v. Jim Walters Homes, Inc.,* 943 S.W.2d 121, 123 (Tex. App.—San Antonio 1997, writ denied) ("The RCLA was enacted to promote settlement between homeowners and contractors and to afford contractors the opportunity to repair their work in the face of dissatisfaction."). We review questions regarding the interpretation of the TRCLA as a question of law. *Mitchell*, 579 S.W.3d at 137; *see Morath v. Lampasas Indep. Sch. Dist.*, 686 S.W.3d 725, 734 (Tex. 2024) (discussing the standards for statutory interpretation); *In re Sanofi-Aventis U.S. LLC*, 711 S.W.3d 732, 735 (Tex. App. [15th Dist.] 2025, orig. proceeding) (same).

The TRCLA "applies to: (1) any action to recover damages or other relief arising from a construction defect, except a claim for personal injury, survival, or wrongful death or for damage to goods; and (2) any subsequent purchaser of a residence who files a claim against a contractor." TEX. PROP. CODE ANN. § 27.002(a). Under the TRCLA, a "[c]onstruction defect" is defined as "a deficiency in the design, construction, or repair of a new residence, of an alteration of or repair or addition to an existing residence, or of an appurtenance to a residence, on which a person has a complaint against a contractor." *Id.* § 27.001(3).

To the extent that there may be a conflict between the TRCLA and any other law, the TRCLA prevails. *Id.* § 27.002(b). By its own terms, the TRCLA "does not create a cause of action or derivative liability or extend a limitations period." *Id.* § 27.005. Rather, the TRCLA modifies causes of action that already exist by providing defenses and limiting damages. *Mitchell*, 579 S.W.3d at 137; *Vision 20/20, Ltd. v. Cameron Builders, Inc.*, 525 S.W.3d 854, 856 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Timmerman*, 397 S.W.3d at 330; *see also Flores v. Chang*, No. 01-20-00421-CV, 2022 WL 2347370, at *3–4 (Tex. App.—Houston [1st Dist.] June 30, 2022, no pet.) (mem. op.). In this regard, the TRCLA provides standards for liability and causation and includes various limitations on damages. *See* TEX. PROP. CODE ANN. §§ 27.003 (liability), 27.006 (causation), 27.004(e), (g) (limitations on damages).

The TRCLA provides that at least sixty days before filing suit, a "claimant shall give written notice" to a contractor "specifying in reasonable detail the construction defects that are the subject of the complaint." *Id.* § 27.004(a); *see Martin v. Cottonwood Creek Constr., LLC*, 560 S.W.3d 759, 764 (Tex. App.—Waco 2018, no pet.); *Perry Homes v. Alwattari*, 33 S.W.3d 376, 382 (Tex. App.—Fort Worth 2000, pet. denied). In a presuit notice under the TRCLA, the claimant "shall" provide evidence depicting "the nature and extent of repairs necessary to remedy the defect, including any expert reports, photographs, and video or audio recordings, if that evidence would be discoverable under Rule 192, Texas Rules of Civil Procedure." TEX. PROP. CODE ANN. § 27.004(a). In this regard, a presuit notice sent pursuant to the DTPA does not suffice to provide the specific notice required under the TRCLA. *In re Classic Openings, Inc.*, 318 S.W.3d 428, 429 (Tex. App.—Dallas 2010, orig. proceeding).

6

The TRCLA's presuit notice requirement is intended to promote presuit settlement negotiations and avoid the expense of litigation. *Vision 20/20, Ltd.*, 525 S.W.3d at 856; *Timmerman*, 397 S.W.3d at 331; *In re Wells*, 252 S.W.3d 439, 448 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *see also In re Albertson*, No. 06-25-00027-CV, 2025 WL 1554940, at *2 (Tex. App.—Texarkana May 30, 2025, orig. proceeding) (mem. op.). During the thirty-five day period after the contractor receives notice of the claim, the claimant must provide the contractor with "a reasonable opportunity to inspect and have inspected the property" at issue. TEX. PROP. CODE ANN. § 27.004(a). The contractor may conduct up to three separate inspections during this period. *See id.* Within sixty days after the claimant provides the contractor with presuit notice, the contractor may make a written offer of settlement to the claimant. *Id.* § 27.004(b). If the claimant considers the offer to be "unreasonable," the claimant must, within twenty-five days, "advise the contractor in writing and in reasonable detail of the reasons why the claimant considers the offer unreasonable." *Id.* § 27.004(b)(1). Thereafter, within ten days of receiving such notice, "the contractor may make a supplemental written offer of settlement to the claimant by sending the offer to the claimant or the claimant's attorney." *Id.* § 27.004(b)(2).

Unless the notice requirement is impracticable due to the statute of limitations or if the complaint is asserted as a counterclaim, *see id.* § 27.004(c), the TRCLA provides for abatement of a lawsuit when the claimant fails to provide presuit notice:

> (d)     The court or arbitration tribunal shall abate an action governed by this chapter if Subsection (c) does not apply and the court or tribunal, after a hearing, finds that the contractor is entitled to abatement because the claimant failed to provide the notice or failed to give the contractor a reasonable opportunity to inspect the property as required by Subsection (a) or failed to follow the procedures specified by Subsection (b). An action is automatically abated without the order

7

of the court or tribunal beginning on the 11th day after the date a motion to abate is filed if the motion:

(1)     is verified and alleges that the person against whom the action is pending did not receive the written notice required by Subsection (a), the person against whom the action is pending was not given a reasonable opportunity to inspect the property as required by Subsection (a), or the claimant failed to follow the procedures specified by Subsection (b); and

(2)     is not controverted by an affidavit filed by the claimant before the 11th day after the date on which the motion to abate is filed.

*Id.* § 27.004(d).[2]

## IV.     ANALYSIS

In their first issue, relators assert that the trial court abused its discretion by denying their motion to abate the lawsuit. They argue that the real parties in interest failed to file a controverting affidavit as required by the TRCLA, and the only evidence presented to the trial court—the parties' contract—proved that the real parties' lawsuit was governed by that statute. In contrast, the real parties contend that they did not file suit against relators under the TRCLA; that the TRCLA is neither an affirmative defense nor a counterclaim; and in any event, the real parties have not alleged any construction defects that would trigger the application of the TRCLA. The real parties cite no authorities in support of their contentions.

---

[2] The parties signed the contract for the construction at issue in 2023, and, accordingly, the current version of the TRCLA applies to this case. We note that the Legislature has amended the TRCLA several times, and some of those amendments were substantive in nature. We cite to cases decided under the previous versions of the TRCLA to the extent that their analyses and reasoning remain relevant under the current statute.

8

## A.  Application of TRCLA

We first address the real parties' allegations that the TRCLA is inapplicable because they are not asserting a cause of action under it and it does not provide relators with affirmative defenses or counterclaims. We disagree with the real parties' contentions. The TRCLA expressly states that it "does not create a cause of action." *Id.* § 27.005. Further, the TRCLA does provide defenses and limits to recoverable damages. *See Mitchell*, 579 S.W.3d at 137; *Vision 20/20, Ltd.*, 525 S.W.3d at 856; *Timmerman*, 397 S.W.3d at 330; *see also Flores*, 2022 WL 2347370, at *3–4.

The real parties further argue that they do not allege any construction defects that would render the TRCLA applicable to their lawsuit. Here, the real parties' contract with relators called for, in relevant part, the construction of a "home." The parties do not dispute that the contract called for the construction of a "residence" as contemplated by the TRCLA. *See* TEX. PROP. CODE ANN. § 27.001(6). While the real parties argue that their original petition does not allege that they suffered construction defects as required for the TRCLA to apply, their petition provides that they seek to recover, *inter alia*, costs of replacement, costs of repairs, and remedial costs. It is clear from the real parties' petition that their action arises, "to some degree," from defective construction, and thus the action is subject to the TRCLA. *In re Wells*, 252 S.W.3d at 447–48; *see In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522, 526 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding) (confirming that, in the context of the TRCLA, "the underlying nature of the claim controls and a plaintiff cannot by artful pleading recast a claim in order to avoid the adverse effect of a statute"). Thus, we conclude that the real parties' claims fall within the purview of the TRCLA.

**B.    Abatement**

We turn our attention to relators' contentions that the trial court erred by refusing to abate the real parties' lawsuit. In this case, it is undisputed that relators filed a verified motion to abate and the real parties did not file a controverting affidavit before the eleventh day after the motion to abate was filed. *See* TEX. PROP. CODE ANN. § 27.004(d). Under these circumstances, and pursuant to the plain language of the statute, abatement was automatic. *See id.*; *In re Anderson Constr. Co.*, 338 S.W.3d 190, 194 (Tex. App.—Beaumont 2011, orig. proceeding) (per curiam). The trial court abused its discretion by concluding otherwise. *See In re Anderson Constr. Co.*, 338 S.W.3d at 194; *In re Classic Openings, Inc.*, 318 S.W.3d at 429; *see also In re Albertson*, 2025 WL 1554940, at *2 ("Allowing the parties to circumvent the [presuit] notice requirement and piecemeal together documents after litigation begins to meet the requisite intent of the requirement belittles its purpose, and we decline to do so here.").

**C.    Remedy by Appeal**

Having concluded that the trial court abused its discretion by refusing to require presuit notice and enforce the concomitant abatement, we examine whether relators possess an adequate remedy by appeal to address this error. Like other courts which have considered this issue, we conclude that they do not. *See In re Anderson Constr. Co.*, 338 S.W.3d at 197 (concluding that relators lacked an adequate remedy because "[b]y ignoring the statutory abatement, the trial court interfered with the statutory procedure for developing and resolving construction defect claims"); *In re Wells*, 252 S.W.3d at 448 (determining that appeal was an inadequate remedy because, if forced to wait for appeal, relator would "endure the very expense of litigation such notice

10

requirements were meant to avoid"); *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d at 526 (determining that an appeal would be inadequate because the trial court's failure to enforce a mandatory statute would vitiate or compromise the relator's defenses at trial). Forcing relators to proceed to trial without an abatement under the TRCLA would deprive them of their statutory rights to inspect the home, make a reasonable settlement offer, and assert any appropriate defenses under the TRLCA. Thus, an appeal following a final judgment would not provide relators with an adequate remedy because their ability to present viable defenses would be vitiated or severely compromised by the trial court's error. *See In re Euless Pizza, LP*, 702 S.W.3d 543, 548 (Tex. 2024) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding).

**D.    Summary**

The trial court abused its discretion by failing to acknowledge that, pursuant to the TRCLA, the real parties' lawsuit was automatically abated when the relators filed their verified motion to abate and the real parties failed to file a controverting affidavit. *See* TEX. PROP. CODE ANN. § 27.004(d); *In re Anderson Constr. Co.*, 338 S.W.3d at 194; *In re Classic Openings, Inc.*, 318 S.W.3d at 429. Further, the trial court lacks the discretion to lift the abatement until the real parties establish their compliance with the applicable statutory requirements. *See In re Anderson Constr. Co.*, 338 S.W.3d at 197. In other words, after the real parties provide the requisite notice, they are further required to provide relators with a reasonable opportunity to inspect the subject construction, which will allow relators the opportunity to cure or make a settlement offer. TEX. PROP. CODE ANN. § 27.004(a), (b). If a settlement offer with respect to the additional defects is made, the real parties will also be required to advise the relators in writing and in reasonable

11

detail why they consider that settlement offer to be unreasonable. *See id*. § 27.004(b); *In re Anderson Constr. Co.*, 338 S.W.3d at 197.

We sustain relators' first issue. Having done so, we need not address their second issue. *See* TEX. R. APP. P. 47.4.

## V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that relators have met their burden to obtain relief. Accordingly, we conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its August 7, 2025 order and abate the case in accordance with the procedures mandated by the TRCLA. Our writ will issue only if the trial court fails to comply.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
2nd day of October, 2025.